■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WILSON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered March 11, 1977, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. On May 4, 1976, in response to a demand for notice of alibi, the defense served a notice of alibi upon the People indicating that the defendant claimed to have been at his home at the time of the alleged occurrence and intended to rely upon Mrs. Verdelle Washington, his mother, as a witness. At the trial, which commenced on January 18, 1977, the defendant's mother testified that he had been at home until after 1:00 P.M. on April 14, 1976. The alleged burglary occurred at about 11:30 A.M. on that date. In summation, the prosecutor made the following comment: "One final point about Mrs. Washington's testimony and this is important, I would submit, because it goes right to the question of whether or not Mrs. Washington's story is believable * * * She never told her story to anyone from the District Attorney's office, she never testified in any prior proceeding in this case, she never even told her story to her son's own lawyer until the very eve of this trial". At a sidebar conference defense counsel objected to the prosecutor's comments, pointed out the date of the service of the notice of alibi, and moved for a mistrial, which motion was denied. Following the conference, the prosecutor continued his summation and stated: "Isn't it clear, isn't it clear that that alibi was worked out at the last minute as a desperate attempt to fool this very jury." Defense counsel

renewed his objection at the end of the prosecutor's summation. Prior to its charge, the trial court attempted to cure the error as follows: "Members of the jury, before we proceed there is just one point I wish to indicate to you, that there had been some indication a number of months ago that an alibi would be offered in this case, so with that admonition I will now go into my charge." Despite the corrective instruction, we are of the opinion that the statements made by the prosecutor require a reversal here. In *People v Smoot* (59 AD2d 898, 899), we held that "an alibi witness has no obligation to come forward and contact the police or District Attorney; such silence by an alibi witness may not be used as a means of discrediting the witness, either upon cross-examination or during the People's summation (see *People v Hamlin,* 58 AD2d 631)." In view of the service of a notice of alibi more than eight months prior to the trial, the prosecutor's statements were unfair and prejudicial, especially as the defendant's mother was the sole witness for the defense. On the question of the complainant's in-court identification of the defendant, we are of the opinion that the trial court correctly ruled that she had a sufficient opportunity to observe the defendant during the crime, so as to sustain the court identification, independent of the prior showup. Hopkins, J. P., Shapiro, Hawkins and O'Connor, JJ., concur.