THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLIN FLUDD, Appellant.

Second Department, June 11, 1979

## APPEARANCES OF COUNSEL

*Julia Pamela Heit* for appellant.

*Eugene Gold, District Attorney (William Gurin* of counsel), for respondent.

## OPINION OF THE COURT

*Per Curiam.*

The defendant stands convicted, after a jury trial, of robbery in the first degree, rape in the first degree, and grand larceny in the third degree. In our opinion, the defendant was denied a fair trial by a number of errors committed by the

trial court in its charge to the jury and the judgment must therefore be reversed and a new trial ordered.

Defendant, Franklin Fludd, was charged in a 1973 indictment with robbery in the first degree (three counts), grand larceny in the third degree (two counts), kidnapping in the second degree, rape in the first degree, sexual abuse in the first degree, and sexual misconduct. These charges stemmed from two separate incidents which allegedly occurred on the night of November 23, 1973, and in the early morning hours of the next day. At 9:30 P.M. on November 23, appellant allegedly forcibly stole a 1965 Dodge sedan from one Agbolade Ogungbe at Pulaski Street between Marcy and Tompkins Avenues, Brooklyn, New York. He then was alleged to have proceeded to pick up the female complainant in the vicinity of Kings County Hospital, at approximately 2:00 A.M. on November 24, and drive her to a location on Clarkson Avenue, also in Brooklyn, where he allegedly raped and robbed her at gun point.

With respect to the instruction to the jury on the crime of rape in the first degree, the trial court stated, *inter alia:*

"Corroboration is required to establish that the defendant engaged the alleged victim in sexual intercourse and connected the defendant with the commission of the crime.

"Under the present law *there is no requirement that proof be adduced of the consummation of the alleged offense.* You merely need to be satisfied there is proof beyond a reasonable doubt that the defendant committed such a crime." (Emphasis supplied.)

Respondent correctly states that under the 1972 amendment (L 1972, ch 373) to former section 130.15 of the Penal Law, requiring corroboration in sex offenses, and under which defendant was tried, corroborative evidence was required to extend only to an "attempt" to engage in the alleged sexual conduct in order to establish the consummated crime. However, independent of any need for corroborative proof and contrary to the language of the trial court underscored above, fundamentally it is essential that some evidence be adduced of the consummation of the crime of rape, which in most instances is elicited from the testimony of the victim herself. The statement of the trial court that no proof of consummation need be adduced of the alleged offense, in connection with its instruction on corroboration, was contradictory and may well have confused the jury.

Errors were also committed by the trial court in its charge regarding defendant's alibi. First, the trial court stated: "Evidence with relation to an alibi must be more carefully scrutinized." While such charge is not improper per se, the trial court should also have given a like charge with respect to identification testimony so that balance would be properly preserved (see *People v Annis,* 48 AD2d 622, 623).

Second, later in its instruction on alibi evidence, the trial court advised the jury with the following confusing language: "*A defendant is not required to prove an alibi beyond a reasonable doubt.* But you must be satisfied as to the truth of that alibi." (Emphasis supplied.)

■■ Although the language quoted did indicate that defendant did not have to prove the truth of his alibi beyond a reasonable doubt, such language was nonetheless confusing, misleading and inadequate. The charge may well have led the jury to believe that defendant had some quantum of a burden of proof concerning the truth of the alibi although not to the degree of beyond a reasonable doubt. An instruction as to the burden of proof with respect to alibi evidence should not be confusing or misleading (23A CJS, Criminal Law, § 1218). A Trial Judge's instructions which are inadequate or not clear, or which tend to mislead, are well-recognized grounds for reversal. *(Sears v Birbeck,* 321 Pa 375.) Under New York law, a defendant has *no* burden of proving an alibi to any degree, and an instruction in that regard must be clearly and explicitly given to a jury when alibi evidence has been presented (see *People v Rabinowitz,* 290 NY 386; *People v Johnson,* 37 AD2d 733).

■ We also note that the trial court failed to respond properly to an inquiry by the jury. After deliberating for a period of time, the jury requested whether the alleged rape victim had told the police the first time she reported the assault the name and address of the assailant as it appeared on a business card shown her in the car. Over defense counsel's objections, the court simply read back her testimony where she maintained that she did in fact give the police this information. In our opinion, the trial court, in the interest of fairness, should have also advised the jury that such information was not contained in the police UF-61 form, which was in evidence.

It is true, as respondent contends, that no request to charge or exception was taken with respect to the instructional errors

discussed above. Had the evidence of guilt been overwhelming, we might have affirmed the judgment of conviction on the ground that defendant had not been substantially prejudiced (see *People v Hamlin,* 58 AD2d 631, 632). However, since there were a number of instances of conflicting testimony during the trial pertaining to the description of the perpetrator of the alleged crimes, and the identity of defendant, in the exercise of discretion and in the interest of justice, the judgment should be reversed and a new trial ordered.

HOPKINS, J. P., TITONE, O'CONNOR and COHALAN, JJ., concur.

Judgment of the Supreme Court, Kings County, rendered January 18, 1977, reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered.