■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE SAVAGE, Appellant.—Judgment reversed as a matter of discretion in the interest of justice and a new trial granted. Memorandum: Defendant was convicted after a jury trial of rape in the first degree (Penal Law, § 130.35, subd 1). In submitting the case to the jury the court charged that "Under the present law there is no requirement that proof be adduced to the consummation of the alleged offense. You merely need be satisfied that there is proof beyond a reasonable doubt that the defendant attempted to commit such a crime on the alleged victim." This was error (see *People v Fludd,* 68 AD2d 409). There was no request for a corrective instruction and no exception with respect to the quoted portion of the charge. Nevertheless, because of the fundamental nature of the error, the conflicting evidence as

to defendant's guilt, and the possibility of prejudice resulting from confusion engendered by the court's erroneous charge as to the necessity of corroboration and its subsequent correction thereof, *sua sponte,* after the jury had commenced its deliberations, we reverse and order a new trial in the exercise of discretion in the interest of justice. (CPL 470.15, subd 6, par [a].) All concur, except Simons and Callahan, JJ., who dissent in part and vote to dismiss the indictment, in the following memorandum.

Simons and Callahan, JJ. (dissenting). We concur that there should be a reversal. However, in our review of the record we do not find sufficient evidence to sustain a conviction of rape, hence the indictment should be dismissed. Complainant alleges that she was forcibly raped by a gang of at least four males, including the defendant. The sole evidence linking the defendant to the alleged crime is the complainant's testimony. Although the issue of credibility is for the trier of facts, the rule must give way where on appeal the testimony is viewed as incredible as a matter of law *(People v Quinones,* 61 AD2d 765; *People v Jones,* 58 AD2d 696). To support a conviction for rape in the first degree (Penal Law, § 130.35, subd 1) there must be proof beyond a reasonable doubt that the defendant engaged in sexual intercourse with the complainant by forcible compulsion. The medical proof in this record controverts a finding that complainant was engaged in sexual intercourse under forcible compulsion. The examining doctor, a resident physician in obstetrics and gynecology, disclosed that his examination, less than two to three hours following the alleged rape, revealed no bump or bruise about the head or body, but only a bruise of undetermined duration on the complainant's left wrist. The doctor noted that the victim's clothing was soiled but did not appear to be dishevelled or torn and that no blood or sign of any stain, including seminal fluid stain, was found thereon. Further, the examination revealed no evidence of any semen on the victim's body, and a pelvic examination of the complainant revealed no abnormality, laceration or tear in the genital area. In essence the examination appeared to be normal. In fact, a microscopic examination of the vaginal fluid revealed the presence of only one or two nonmotile (dead) spermatozoa per high-powered field in contrast to a normal situation where innumerable sperm would be found. In view of the expert medical testimony the complainant's testimony can only be deemed to be incredible as a matter of law. Accordingly, we would reverse defendant's conviction for legal insufficiency and order the indictment dismissed (CPL 470.20, subd 2). (Appeal from judgment of Erie Supreme Court—rape, first degree.) Present—Cardamone, J. P., Simons, Hancock, Jr., Callahan and Moule, JJ.