■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE LUCAS, Appellant.—Appeal by defendant from a judgment of the Supreme

Court, Queens County, rendered March 21, 1978, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. Defendant's position at trial was that at the very time the robbery was alleged to have been committed in the jewelry store, he was taking a reading and mathematics examination at a manpower training center some distance away. The disinterested test examiner testified to that effect, and a handwriting expert identified defendant's signature on the test answer sheets. In short, defendant strongly contested his identification by interposing an alibi. The trial court's instructions to the jury on alibi were, however, deficient in at least two ways. First, the words "reasonable doubt" were used in close proximity several times and a confusing distinction was drawn. Although no sentence was incorrect in itself, the jury may well have been confused as to whether the defendant was required to prove the truth of the alibi beyond a reasonable doubt. The possibility of such confusion means the instructions did not meet the critical test: "Whether the jury, hearing the whole charge, would gather from its language the correct rules which should be applied in arriving at decision" *(People v Russell,* 266 NY 147, 153). Secondly, the trial court also instructed the jurors that alibi evidence had to be "most carefully scrutinized." Words of similar import were not used with respect to any other evidence. The instruction was, therefore, plainly prejudicial. As was stated in *People v Cuvilje* (66 AD2d 761, 762), it is doubtful whether it is appropriate to "introduce the concept of 'most careful scrutiny' for the first and only time in the charge with regard to the alibi defense" (cf. *People v Fludd,* 68 AD2d 409). In light of our holding above, we do not pass on the question of whether the court adequately explained the application of the law to the facts (CPL 300.10, subd 2). We have examined defendant's other arguments and find them to be without merit. Damiani, J. P., Titone, Mangano and Gulotta, JJ., concur.