■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT REED, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Bernstein, J.), rendered May 24, 1979, convicting him of robbery in the second degree and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. Cross-examination of a defendant's alibi witness as to his or her prior silence is generally permissible when done in "good faith" because of "the natural impulse of a person possessing exculpatory information *** to come forward at the earliest possible moment in order to forestall the mistaken prosecution of a friend or loved one" *(People v Dawson,* 50 NY2d 311, 318, 323). A proper foundation must first be laid and there should be a Bench conference to determine the reason for the silence. The court should instruct the jury that the witness has no civic or moral duty to disclose, and that silence is only relevant with respect to ascertaining the witness' credibility *(People v Dawson, supra,* pp 321-323). Defendant presented two alibi witnesses who testified that at the time of the alleged mugging, they, along with others, were with the defendant in a stolen car, in a different part of Brooklyn. They were allegedly just driving around, drinking beer and smoking marihuana. The two witnesses admitted knowing the car was stolen and that it was unlawful to ride in a stolen car. After this admission both witnesses were asked if they had previously reported their story to the police. These questions were allowed over objection. The court instructed the jury that the witnesses did not have a duty to come forward. However, the court neglected to instruct the jury that these questions, and the answers, were solely relevant on the issue of credibility. This was error. Of more importance is the failure to determine the reason for the witnesses' silence. One of the factors that must be demonstrated by the District Attorney in laying a proper foundation for this type of cross-examination is that the witness had a reasonable motive for acting to exonerate the defendant *(People v Dawson, supra,* p 321, n 4). It may well have been that both witnesses in the instant case were afraid to come forward because they anticipated being arrested for riding in a stolen car. In *People v Dawson (supra,* p 321), the Court of Appeals held that cross-examination of an alibi witness as to his or her prior silence was not per se inappropriate, because generally there were no due process considerations involved. However, in this case, where the witnesses' story necessarily incriminated them in another crime, due process considerations may be involved (cf. *People v Conyers,* 49 NY2d 174; *People v Maschi,* 76 AD2d 808, 809). The court erred by not first determining the reason for the failure to come forward before deciding whether to allow this line of questioning. The court's error was compounded when defense counsel was prevented from offering evidence that the District Attorney's office had been given the names of these witnesses months before the trial. That evidence was clearly relevant after the questions pertaining to their failure to go to the police (cf. *People v Wilson,* 60 AD2d 920, 921). Finally, the court's charge as to the alibi defense was improper. The jury was told that "you must be satisfied as to the truth of the alibi". This, along with other comments in the alibi charge, could be interpreted as shifting the burden of proof to the defendant *(People v Griswold,* 72 AD2d 778; *People v Lucas,* 75 AD2d 827; *People v Hall,* 82 AD2d 838). The statement that the alibi testimony was to be "carefully scrutinized" was also misleading, absent a similar admonition in the court's charge on identification testimony *(People v Fludd,* 68 AD2d 409; *People v Rothaar,* 75 AD2d 652). While there was no exception to the alibi charge, we may still

review the charge in the interest of justice. The evidence in this case was not overwhelming. Where so much depended on the jury's evaluation of the principal prosecution witnesses on the one hand, and the alibi witnesses on the other, a new trial is required. Gibbons, J. P., Gulotta, Cohalan and Bracken, JJ., concur.