■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE COSTALES, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Canudo, J.), rendered November 4, 1976, convicting him of criminal sale of a controlled substance in the first degree and criminal possession of a controlled substance in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The charges against defendant arise out of a sale of approximately one-half kilo of cocaine to an undercover officer in Brooklyn, on the night of April 17, 1974. The sale was alleged to have occurred at about 11:10 P.M. Defendant presented two alibi witnesses who testified that they saw defendant and conversed with him at a trailer park in White Mills, Pennsylvania, as late as 9:45 that evening. While not "airtight", we cannot say that the alibi could not have raised a reasonable doubt in the minds of the jury. In its charge on the alibi defense, the court erroneously declared that "[y]ou must be satisfied as to the truth of the alibi". Such language can be interpreted as shifting the burden of proof to the defendant on the alibi issue, and it is therefore improper (*People v Cadorette,* 83 AD2d 908, mot for lv to app granted 54 NY2d 1032; *People v Reed,* 83 AD2d 645). Further, the court also instructed the jury that the alibi evidence was to be carefully scrutinized, without giving a similar instruction in regard to the prosecution's identification evidence. This was error as well (*People v Reed, supra; People v Rothaar,* 75 AD2d 652; *People v Fludd,* 68 AD2d 409). Both of these aspects of the charge were objected to and preserved for review. The People candidly concede both of these errors, but argue that in view of the overwhelming proof of guilt, the errors were harmless beyond a reasonable doubt (*People v Cadorette, supra*). We are not persuaded. In addition to the erroneous charge on the alibi defense, the prosecutor, in his summation, branded the alibi witnesses as liars, and asserted that their failure to meet with him for a pretrial interview was due to their "downright disrespect for any authority". These comments improperly suggested that the witnesses had some civic duty to come forward with their information (*People v Dawson,* 50 NY2d 311, 322-323). In this case, where the jury's evaluation of the alibi testimony was so critical, we cannot say beyond a reasonable doubt that these errors did not affect the verdict, and therefore a new trial is required. Lazer, J.P., Mangano, O'Connor and Brown, JJ., concur.