■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOWARD NICO-LEAU and JAMES STOUT, Appellants. — Appeal by defendants from two judgments (one as to each of them) of the Supreme Court, Richmond County (Di Vernieri, J.), rendered March 8, 1979 and March 29, 1979, respectively, convicting each of murder in the second degree, robbery in the first degree (two counts), and robbery in the second degree, upon jury verdicts, and imposing sentences. The appeals bring up for review the denial of (1) a motion insofar as it was to suppress a certain statement and (2) a motion for a severance. Judgments reversed, on the law and as a matter of discretion in the interest of justice, motions granted insofar as reviewed and new and separate trials

ordered. Both defendants presented an alibi defense at trial. The court instructed the jury that "evidence with relation to an alibi should be most carefully scrutinized * * * The defendant is not required to prove an alibi beyond a reasonable doubt, but you must be satisfied as to the truth of the alibi". Such language has been repeatedly condemned by this court (see *People v Bauer*, 83 AD2d 869; *People v Lucas*, 75 AD2d 827). This error was compounded by the prosecutor's comment in summation regarding defendant Nicoleau's failure to call a potential alibi witness who was not within his control (see *People v Rodriguez*, 38 NY2d 95, 98). Since there must be a new trial, we note, as the People concede with commendable candor, that Nicoleau's statement to the police in December, 1977, in the absence of counsel and after an arrest warrant has been filed against him, should have been suppressed (see *People v Samuels*, 49 NY2d 218). We further note that a severance should be granted to the defendants upon their retrial. Weinstein, J. P., Gulotta, O'Connor and Thompson, JJ., concur.