■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY ANTHONY WALLACE, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Potoker, J.), rendered November 16, 1979, convicting him of robbery in the first degree (two counts) and assault in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, as a matter of discretion in the interest of justice, and new trial ordered. In its charge to the jury on alibi, the court stated: "Evidence with relation to an alibi should be most carefully scrutinized. If the defendant's guilt is not established beyond a reasonable doubt, by reason of the truth of an alibi, you must acquit him. The defendant is not required to prove alibi beyond a reasonable doubt, but you must be satisfied as to the truth of the alibi." Although this language did indicate that the defendant did not have to prove the truth of his alibi beyond a reasonable doubt, it was still misleading, confusing and inadequate. The court must clearly and explicitly instruct the jury that the defendant has no burden to prove his alibi to any degree (*People v Fludd,* 68 AD2d 409, 411; *People v Griswold,* 72 AD2d 778). The instruction also directed the jury that the alibi testimony was to be "most carefully scrutinized". It has been held that it is inappropriate to use this phrase for the first time with respect to alibi evidence

(*People v Lucas,* 75 AD2d 827, 828; *People v Cuvilje,* 66 AD2d 761, 762; *People v Fludd, supra*). Of the five persons who saw the victim's assailants, only two were able to identify defendant, and it was their testimony that they saw defendant for only a "split-second", or for "[a]bout a second". The proof of guilt was therefore not so overwhelming as to render the error in the charge harmless (*People v Crimmins,* 36 NY2d 230). Notwithstanding defendant's failure to object to the charge, the interest of justice requires a new trial (*People v Griswold, supra*). Damiani, J. P., Titone, Gulotta and Bracken, JJ., concur.