■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH HORTON, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Golden, J.), rendered October 1, 1980, convicting him of rape in the first degree, upon a plea of guilty, and imposing sentence. Judgment affirmed. We have reviewed the issues raised by the defendant *pro se* and find them to be without merit. Damiani, J. P., O'Connor, Thompson and Brown, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH HOVANEC, Appellant. — Appeal by defendant, as limited by his motion, from a sentence of the Supreme Court, Suffolk County (Stark, J.), imposed October 5, 1981. Appeal dismissed as moot. The defendant's sentence has expired. Mollen, P. J., Mangano, Thompson and Rubin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERTO MUNIZ, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Lagana, J.), rendered March 30, 1981, convicting him of murder in the second degree, attempted murder in the second degree (two counts), assault in the first degree (two counts), reckless endangerment in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The court improperly permitted the prosecutor to cross-examine two defense witnesses as to their failure to come forward to the police or Grand Jury with evidence which would have exonerated defendant, without first determining the good faith basis for such questioning or holding a Bench conference to determine the reason for the witnesses' silence. It also failed to give the jury curative instructions as requested by defense counsel (*People v Dawson,* 50 NY2d 311; *People v Reed,* 83 AD2d 645). These errors were further aggravated by the prosecutor's reference in his summation to the cross-examination noted above. In view of the crucial role the jury's judgment of credibility of these witnesses played, under the circumstances of this case, we are compelled to reverse defendant's judgment of conviction. We have considered defendant's other contentions and find them to be without merit. Mollen, P. J., Damiani, Titone and Bracken, JJ., concur.