■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER WAYNE ORTH, Appellant. — Appeal by defendant (1) from a judgment of the Supreme Court, Suffolk County (Jaspan, J.), rendered March 8, 1977, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence, and (2) by permission, from two orders of the same court, dated October 15, 1979, and January 5, 1982, respectively, which denied defendant's motions to, *inter alia,* vacate the judgment of conviction and dismiss the indictment. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and a new trial ordered. Orders dated October 15, 1979 and January 5, 1982, affirmed. Defendant stands convicted of the robbery of a drug store in Babylon. During the course of that robbery, drugs and money were stolen. At the trial, the People, on the issue of defendant's identity as one of the perpetrators of this crime, sought to admit evidence that defendant, on three other occasions, robbed drug stores and stole money and drugs. After the trial court ruled, over defendant's objection, that this evidence was admissible, defendant stipulated to his involvement in those prior crimes to avoid a witness attesting to defendant's involvement. There was no indication that those prior crimes were effected with a distinctive *modus operandi,* nor was there any other "factor to set the defendant's crimes apart from the ordinary" (see *People v Allweiss,* 48 NY2d 40, 47). Evidence with respect to those prior crimes merely "categoriz[e] the defendant as one of many criminal specialists" (*People v Allweiss, supra,* p 47) and, as such was inadmissible to establish defendant's identity as one of the perpetrators of the crime charged in the indictment. Further, the language

842

used by the trial court in its instructions to the jury with respect to defendant's alibi defense has been repeatedly condemned by this court (see *People v Wallace,* 87 AD2d 895; *People v Nicoleau,* 87 AD2d 893). We have considered defendant's remaining contentions and find that none of those contentions would warrant reversal. Mollen, P. J., Gulotta, O'Connor and Rubin, JJ., concur.