■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH ROSS-MAN, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered August 3, 1981, upon a verdict convicting defendant of the crime of robbery in the first degree. Defendant was charged in and tried on an indictment for robbery in the first degree (Penal Law, § 160.15, subd 3). Apparently defendant obtained sexual stimulation and gratification from cutting girls' hair. On April 10, 1981, at about 7:30 P.M., he approached Patricia Kopchick from behind, put a knife to her face, grabbed her shoulder, threatened her and pushed her into the driveway of a nearby house, where he removed the scarf from her head, cut her hair with a scissors and then used battery-operated clippers to shave her head. He took her purse and told her he would leave it a block away if she was good. The purse was later returned to her, but her money, about $13, and some photos were missing. The victim never saw her assailant and could not describe or identify him. Due to the unusual nature of the crime, defendant became a suspect because of his prior involvement in hair cutting incidents. The detective in charge of the investigation arranged an interview with defendant through the Chief of Police of Ravena, where defendant resided. During this interview, defendant made oral and written admissions, identified a picture of Ms. Kopchick as his victim, and signed a permissive search of his premises. During the search, defendant gave the police an envelope containing hair, scissors and a knife. One of the detectives present during the search testified on rebuttal that defendant masturbated while the police were searching his apartment. At trial, defendant relied on alibi witnesses, his wife and sister, who placed him in his apartment at the time of the robbery. The wife stated that the hair given to the officers was hers. Defendant also testified in his own behalf, claiming his statements were given because of fear. He denied sexual gratification from hair cutting, but admitted pleading guilty to a hair cutting incident in December, 1977, and cutting a girl's hair on another occasion. In rebuttal, the detectives denied any physical contact with defendant at the time of the interview and testified that defendant's wife never told the detectives that defendant was home at the time of the crime. A girl named Carol Smith was called to testify about a hair cutting incident that happened to her in Albany in October, 1980, but she could not identify her assailant. Defendant was found guilty and sentenced to 8⅓ to 25 years. On this appeal, defendant claims error

first in the admission of prior uncharged crimes. Contrary to his contention, the unique nature of this crime, denied by defendant, and the lack of any identification by the victim make the admission of prior uncharged crimes permissible on the issue of identity (*People v Allweiss*, 48 NY2d 40, 46-47). Although the testimony of Carol Smith was offered on rebuttal, rather than on the People's direct case, the trial court had discretion in regard to the order of proof (*People v Schwartzman*, 24 NY2d 241, 249-250, cert den 396 US 846). Second, the introduction on rebuttal of proof of defendant's act of masturbation while the police were searching his apartment was proper as testimony tending to impeach defendant's testimony that he was not sexually stimulated by touching a female's hair and to show his motive for the crime. Insofar as defendant failed to object to such testimony, its consideration was not preserved as arguable error on this appeal. Third, as to defendant's claim of error in regard to the absence of a transcript of the *Sandoval* hearing granted defendant, the Court of Appeals has made clear that unless the minutes have become unavailable because of any active fault on the part of the People, it does not necessarily follow from the fact that their absence compels resort to a less perfect record, that the right to appeal must be deemed frustrated (*People v Glass*, 43 NY2d 283, 286). In view of our conclusion above as to the propriety of admitting the evidence of prior uncharged crimes, the absence of a *Sandoval* hearing transcript is inconsequential. Fourth, contrary to defendant's contention, the cross-examination of alibi witnesses about their failure to raise the alibi at or after the time of arrest was proper (*People v Dawson*, 50 NY2d 311, 321) and defendant did not request the court to charge the jury that no witness has an obligation to come forward with a defendant's alibi (*id.*, at pp 322-323). Fifth, the court did not err in equating reasonable doubt with guilt to a moral certainty, for the two phrases have been considered synonymous in certain cases, as here, which depend entirely upon circumstantial evidence (*People v Barnes*, 50 NY2d 375, 379-381; see *People v Bell*, 94 AD2d 894). Sixth, the return of the victim's wallet without the money that was contained therein was sufficient for the jury to determine that one of the purposes of the attack was larceny, an element of robbery (Penal Law, § 160.00). Finally, the sentence of 8⅓ to 25 years was within the statutory limits for robbery in the first degree, a class B felony, and, in these bizarre circumstances and based on defendant's prior history and record, not an abuse of discretion. Therefore, the judgment of conviction should be affirmed. Judgment affirmed. Sweeney, J. P., Kane, Casey, Mikoll and Yesawich, Jr., JJ., concur.