■ The People of the State of New York, Respondent, v William Schellhammer, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Sharpe, J.), rendered July 7, 1982, convicting him of two counts of robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. Following delivery of the court's alibi charge, defense counsel timely excepted to the court's failure to instruct the jury that the prosecution must disprove the alibi defense beyond a reasonable doubt. Furthermore, the court instructed the jury to "carefully weigh" the testimony of the alibi witnesses, but rejected defense counsel's timely request to instruct the jury to apply the same

standard to the identification testimony. These rulings were erroneous and warrant reversal of the conviction and a new trial. " 'Under New York Law, a defendant has *no* burden of proving an alibi to any degree, and an instruction in that regard must be clearly and explicitly given to a jury when alibi evidence has been presented (see *People v Rabinowitz,* 290 NY 386; *People v Johnson,* 37 AD2d 733)' " (*People v Daniels,* 88 AD2d 392, 403, citing *People v Fludd,* 68 AD2d 409, 411). Moreover, the court should have instructed the jury to subject the identification testimony to the same level of scrutiny applied to the alibi " 'so that balance would be properly preserved' " (*People v Daniels, supra,* p 403, citing *People v Annis,* 48 AD2d 622, 623; see *People v Costales,* 87 AD2d 635; *People v Reed,* 83 AD2d 645). Criminal Term further erred in permitting the prosecutor to question the defendant's alibi witness as to her failure to come forward to the police with evidence which would have exonerated the defendant, without initially determining the good-faith basis for such questioning or holding a Bench conference to determine the reasons for the silence of the witness (*People v Dawson,* 50 NY2d 311; *People v Muniz,* 89 AD2d 611). The effect of this error was compounded by reference in the prosecutor's summation to the failure of the witness to come forward (see *People v Muniz, supra*). Although Criminal Term did not abuse its discretion in permitting one of the complainants to testify that he received two brief threatening telephone calls from the defendant prior to his appearance before the Grand Jury (see *People v Davis,* 43 NY2d 17), Criminal Term improperly limited defense counsel's summation by refusing to allow counsel to comment on the failure of the police to take any action following receipt of this information (see *People v Ashwal,* 39 NY2d 105). We have considered defendant's remaining contentions and find them to be without merit. Thompson, J. P., O'Connor, Brown and Rubin, JJ., concur.