■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH McFADDEN, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Balbach, J.), rendered September 21, 1979, convicting him of robbery in the second degree and assault in the second degree, upon a jury verdict, and imposing sentence. ¶ Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. ¶ Defendant was charged under a two-count indictment with the crimes of robbery in the first degree and assault in the second degree. At the close of the trial, the court, acting upon the request of defense counsel, charged the jury with regard to the first count of the indictment that, in the alternative, it could find defendant guilty of robbery in the second degree. ¶ The jury returned a verdict acquitting defendant of the crime of robbery in the first degree as charged in the first count of the indictment but found him guilty, under that count, of robbery in the second degree, and also of assault in the second degree under the second count of the indictment. ¶ The crime of robbery in the second degree (Penal Law, § 160.10, subd 1), which was charged to the jury, is not a lesser included offense of the crime of robbery in the first degree (Penal Law, § 160.15, subd 3) for which defendant was indicted since it is possible to commit the latter offense without being aided by a person actually present which is an element of the former offense (see *People v Glover,* 57 NY2d 61; *People v Green,* 56 NY2d 427; see, also, *People v Acevedo,* 40 NY2d 701; *People v Moy,* 56 AD2d 853). Notwithstanding (1) the People's argument that in light of defense counsel's affirmative request that the court submit the case to the jury on a second degree robbery charge we should deem the error to have been waived, and (2) our recognition of the possibility of an abusive use of such a tactic by defense counsel, an error of this nature is jurisdictional and may not be waived (see *People ex rel. Gray v Tekben,* 86 AD2d 176, 179, affd 57 NY2d 651; *People v Sutton,* 99 AD2d 361). ¶ Defendant's conviction of assault in the second degree must also be reversed due to the trial court's erroneous alibi charge. In its charge to the jury on the alibi defense, the court advised that: "Evidence of alibi must be carefully scrutinized. If the defendant's guilt is not established beyond a reasonable doubt by reason of the truth of an alibi, you must acquit him. The defendant is not required to prove an alibi beyond a reasonable doubt. But you must be satisfied as to the truth of the alibi. In other words, if it is sufficient to raise a reasonable doubt by evidence concerning the defendant's whereabouts at the particular time when the crime was committed, if the jury believes that evidence, that alibi itself entitles him to a verdict of not guilty. It is for you, the jury, to determine whether or not the alibi should be believed". ¶ This charge was improper in two respects. First, such language can be interpreted as shifting the burden of proof to the defendant on the alibi issue

(see, e.g., *People v Costales,* 87 AD2d 635; *People v Wallace,* 87 AD2d 895; *People v Reed,* 83 AD2d 645). Moreover, the instruction that the alibi testimony was to be "carefully scrutinized" was misleading absent a corresponding instruction in regard to the prosecution's identification evidence (see *People v Costales, supra; People v Reed, supra; People v Fludd,* 68 AD2d 409). Notwithstanding defendant's failure to object to the alibi charge, we may review said charge in the exercise of our interest of justice jurisdiction (see *People v Wallace, supra; People v Reed, supra; People v Fludd, supra,* pp 411-412). If the evidence of guilt in the instant case was overwhelming, we might be inclined to conclude that defendant had not been prejudiced by such erroneous charge. However, the proof of guilt in this case, which turned to a great extent on the jury evaluation of the alibi witnesses on the one hand and the prosecution witnesses on the other, was not so compelling as to render the error in the charge harmless (see *People v Crimmins,* 36 NY2d 230). ¶ We would note in passing that the question of whether defendant's conviction of assault in the second degree was repugnant to the acquittal of robbery in the first degree and to the conviction of robbery in the second degree has not been preserved for our review since defendant failed to move to set aside the verdict prior to discharge of the jury (*People v Satloff,* 56 NY2d 745). In light of our direction for a new trial, we decline to exercise our discretion to review this issue. Gibbons, J. P., Bracken, Brown and Niehoff, JJ., concur.