■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BASIL WALKER, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Leone, J.), rendered September 21, 1981, convicting him of burglary in the second degree, robbery in the first degree (two counts), robbery in the second degree (two counts), sexual abuse in the first degree (five counts), sodomy in the first degree, attempted rape in the first degree, rape in the first degree, and attempted sodomy in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

On this appeal, the defendant in essence contends that he was denied due process because the court instructed the jury to carefully examine the alibi testimony, without giving a similar instruction with regard to the People's identification testimony. Though the record discloses that the jury was instructed to "carefully" examine the testimony of the defendant's alibi witnesses, the record also discloses the following instructions:

"identification is a question of fact for you to decide in the light of all the testimony. Under our law, the identification of an accused by a solitary witness as the one involved in the commission of a crime is in and of itself sufficient to justify a conviction

of such person providing of course you are satisfied beyond a reasonable doubt of the identity of the accused as the one who committed the crime. In making your determination as to the defendant's identification, you should take into consideration all the facts and circumstances which existed at the time of the observations of the witnesses.

"In determining the force and value of the testimony, attempting to establish the identity of the defendant as the person who committed the crime charged against him, the reliability of the testimony of the witnesses is a most important factor for your consideration. It is for you to say how such testimony impresses you and how much faith you can give it. You know from your own social and business activity that we often meet people under circumstances where no impression or recollection of those persons is left with us. On the other hand, the circumstances may be such that a clear and indelible picture of the person we have met is left on the mind.

"The identity of the person as the person who committed the crime must be shown with sufficient certainty as to preclude a reasonable possibility of mistake.

"You are to consider whether or not the witnesses had sufficient time to observe the defendant on the day and time in question. Consider the physical factors existing at the time, such as lighting conditions. Take into consideration the witnesses' powers of observation and consider all of their testimony with respect to the opportunity they had to form in their mind a clear and convincing picture of the person who they claim committed the crime."

In our view, the jury, hearing the whole charge, "would have gathered from its language the correct rule to have been applied in arriving at its verdict" (*People v Canty,* 60 NY2d 830, 832). Additionally, assuming, *arguendo,* that the failure to instruct the jury to "carefully examine" the identification testimony constitutes error (cf. *People v Whalen,* 59 NY2d 273, 279), the error was not properly preserved for our review (see CPL 470.05, subd 2; *People v Hoke,* 62 NY2d 1022; *People v Little,* 62 NY2d 1020; *People v Lebron,* 95 AD2d 864). Moreover, we find no basis in the record for reversing the judgment of conviction in the interest of justice (see CPL 470.15, subd 3, par [c]). Despite the views expressed in the dissent, the evidence clearly established the guilt of the defendant. We would further note, regarding the dissenter's comment that defendant "presented a plausible alibi defense", that credibility is properly an issue for the jury to determine, and, obviously, the jury did not find the alibi defense to be credible.

The defendant's claim, made for the first time on appeal, that it was error to permit cross-examination of his alibi witnesses concerning their pretrial silence, without a proper foundation having been laid, and without a curative charge (see *People v Dawson,* 50 NY2d 311), similarly has not been properly preserved (see *People v Rossman,* 95 AD2d 873) and we decline to exercise our interest of justice jurisdiction.

We have considered the defendant's remaining contentions and find them to be without merit. Mollen, P. J., Mangano and Lawrence, JJ., concur.

Titone, J., dissents and votes to reverse the judgment of conviction and order a new trial, with the following memorandum: In this case, the trial court committed two serious errors in its instructions to the jury: (1) that the "[e]vidence with relation to an alibi should be carefully examined" (see *People v McFadden,* 100 AD2d 520; *People v Costales,* 87 AD2d 635; *People v Wallace,* 87 AD2d 895; *People v Reed,* 83 AD2d 645; *People v Rothaar,* 75 AD2d 652; *People v Fludd,* 68 AD2d 409; cf. *People v Victor,* 62 NY2d 374) and (2) that if the jurors "minds [were] waivering or the scales [were] even or if you have such a reasonable doubt arising out of the credible evidence * * * the benefit of that doubt must be given to the defendant" (see *People v Wade,* 99 AD2d 474; *People v Ortiz,* 92 AD2d 595; *People v Melville,* 90 AD2d 488).

While it is true that no protest was made pursuant to CPL 470.05 (subd 2), we have generally found such instructional error to be so prejudicial as to warrant review in the interest of justice (e.g., *People v McFadden, supra; People v Wade, supra; People v Melville, supra; People v Costales, supra; People v Fludd, supra*). I fail to perceive why this case should be an exception.

With due respect, the charge, read as a whole, is confusing, and the jury could very well have been misled, especially absent a balancing identification instruction (*People v Schellhammer,* 97 AD2d 776; cf. *People v Victor, supra*). More important, this was an extremely close case and the errors could clearly have made a difference. Although the key complaining witness, Hall, identified defendant in court as one of the attackers, and testified that defendant had a moustache at the time of the crime, she admitted testifying at the *Wade* hearing that the "short" man had no moustache and claimed that, despite the police complaint report which was prepared from information given by the complainants and specified that the man identified as the defendant had a scarred face, she had never told the police that he had facial scars. Perhaps the "certainty" in identification was

bolstered by the fact that the prosecutor had told Hall before trial that the individual to be tried had a criminal background.

Review of the record also indicates that defendant and his witnesses presented a plausible alibi defense. Surely there can be no quarrel with the proposition that the credibility of the alibi defense was for the jury to assess (e.g., *People v De Tore,* 34 NY2d 199, 206-207, cert den *sub nom. Wedra v New York,* 419 US 1025). It seems to me, however, to beg the question to assert, as does the majority, that the jury disbelieved the alibi. That determination was based upon an erroneous instruction and "the proof of guilt in this case, which turned to a great extent on the jury evaluation of the alibi witnesses on the one hand and the prosecution witnesses on the other, was not so compelling as to render the error in the charge harmless" (*People v McFadden,* 100 AD2d 520, 521, *supra*).

I also note that, in his cross-examination of defense witnesses, the prosecutor violated the rules set forth in *People v Dawson* (50 NY2d 311), decided a full year before the trial in this case. Without the requisite bench conference and over apparent objection, the prosecutor questioned these witnesses on their failure to go to the police with exculpatory information (see *People v Schellhammer,* 97 AD2d 776, *supra; People v Muniz,* 89 AD2d 611). The error was compounded by the prosecutor's comments in summation and by the trial court's failure to give an appropriate limiting instruction.

In sum, defendant's trial was tainted by prejudicial legal error. Accordingly, I dissent and cast my vote for reversal.