■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK FERNANDEZ, Appellant.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL J. FERNANDEZ, Appellant.

Defendant has failed to preserve for appellate review the propriety of the trial court's comments during the course of the trial (CPL 470.05) and, in any event, he has failed to show how the comments prejudiced him. Rather, the comments appear to have been innocuous and a legitimate exercise of the court's prerogative to control the proceedings before it (*see, e.g., People v De Jesus,* 42 NY2d 519).

However, during the course of its charge on identification and alibi evidence, the court stated, "I don't think I'm telling any tales out of school, or telling you something you don't know, to inform you that the identification made by Mr. Stephens is the lynchpin or crux of the case, and the case may very well turn on it". The question of whether this statement constituted error was unpreserved for appellate review. In any case, the charge as a whole properly instructed the jury on identification and alibi evidence as well as the inherent inconsistency of such evidence, and informed them that defendant's alibi could constitute a complete defense to the charges against him. Consequently, we see no just cause for the exercise of our interest of justice jurisdiction (*see, e.g., People v Walker,* 104 AD2d 573; *People v Thompson,* 97 AD2d 554).

The court initially charged the jury to consider the crimes of robbery in the first degree (Penal Law § 160.15 [4]) and robbery in the second degree (Penal Law § 160.10 [1]) separately. Inasmuch as the evidence indicated that one of defendant's accomplices was the only participant to have used a gun, the potential existed for the inconsistent verdicts of guilty of robbery in the first degree and not guilty of robbery in the second degree. Since these two counts are not inclusory, such verdicts, though inconsistent, would not be repugnant so as to necessarily require a new trial (*see, e.g., People v Williams,* 47 AD2d 262). Nonetheless, as defendant concedes, on this particular set of facts, the preferable practice would have been to charge these counts in the alternative. Consequently, when the court noted the potential of inconsistent verdicts and recharged the jury, after deliberation had begun, to consider these counts in the alternative, no error was committed. The record does not support defendant's contention that this recharge effectively coerced the jury to reach a swift verdict of guilty of robbery in the first degree.

Finally, we note that the prosecutor's cross-examination of defendant's alibi witnesses concerning their failure to come forward to law enforcement authorities and reveal their excul-

patory information was consistent with the requirements set forth in *People v Dawson* 50 NY2d 311) and was not prejudicial to defendant.

We have examined defendant's remaining contentions and find them to be without merit. Thompson, J. P., Bracken, O'Connor and Weinstein, JJ., concur.