■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD HOOKS, Appellant.

Despite the fact that a review of the record demonstrates that the evidence was sufficient to sustain the conviction in this case, reversal is mandated because of the substantial probability that various errors influenced the jury's verdict.

Evidence of defendant's guilt was based solely upon eyewitness identification testimony. Defendant proffered an alibi, and the defense theory was that the defendant had been misidentified. During the cross-examination of both of defendant's alibi

witnesses, the prosecutor elicited testimony that both had failed to respond to a letter from the District Attorney's office and otherwise did not come forward and disclose any information with respect to the alibi to law enforcement authorities. Contrary to the proper procedure prescribed in this type of matter (*see, People v Dawson,* 50 NY2d 311), the court made no attempt to determine at a Bench conference the reason for such failure on the part of the alibi witnesses to have come forward to law enforcement authorities, nor did it make any effort to determine whether there existed a good faith basis for the prosecutor's questioning in this regard (*People v Muniz,* 89 AD2d 611; *People v Reed,* 83 AD2d 645). Admittedly, defense counsel, during a sidebar colloquy, made no effort to inform the court that the witnesses had not come forward because he had advised them not to (*see, People v Burgos,* 50 NY2d 992). Nevertheless, when defense counsel, upon redirect examination of the witnesses, attempted to elicit that information, the court repeatedly sustained the prosecutor's objections to defense counsel's questions, thereby depriving the jury of hearing the explanation for the alibi witnesses' prior conduct, which explanation must be allowed (*People v Dawson, supra,* p 322). The failure of defense counsel to advise the court at the sidebar that he had given this advice to the alibi witnesses of course precludes defendant from claiming on appeal that all cross-examination on this issue of the witnesses' silence was improperly received (*see, People v Dawson, supra,* p 323). Defense counsel's failure to notify the court, however, did not justify the court's improper curtailment of redirect examination. The inference clearly was created that the witnesses generally were unworthy of belief and of flawed moral character because of their failure to have responded to a letter from the District Attorney, which inference defendant was precluded from rebutting. The prejudice so generated was exacerbated by the court's inquiry of one alibi witness as to whether she had responded to the letter, or whether she had given the alibi information to anyone in authority. These pointed inquiries subverted the later instruction by the court that alibi witnesses have no duty to report exculpatory information to the authorities.

Further, the prosecutor's improper cross-examination of defendant as to his prior criminal history, which cross-examination received the approval of fair inquiry by the Trial Judge's active participation, was also error. Prior to the trial and in accordance with the procedures established in *People v Sandoval* (34 NY2d 371), it was determined that the prosecutor had the right to cross-examine the defendant about a prior petit larceny conviction for the purpose of impeaching defendant's credibility.

There is little doubt that the rationale established by *Sandoval* and its progeny is to avoid a jury finding a defendant guilty of a charged crime based upon what it believes to be a defendant's criminal propensities. While defendant in this instance is not challenging the court's *Sandoval* ruling, he contends that the prosecutor, by linking the prior offense with the instant offenses in a manner which suggested to the jury that defendant's commission of the prior offense constituted proof of his commission of the instant offenses, exceeded all bounds of propriety. We agree. Defendant, upon cross-examination, denied involvement in the instant offenses. During the course of his direct examination, he described the circumstances of the prior petit larceny conviction, stating that he had informed his friends that there was a stereo in his girlfriend's brother's house, but that he had not entered the house when his friends stole the stereo. During cross-examination, defendant was asked whether he had committed the various acts which had been described by the People's witnesses in this case, and then asked, "Did you burglarize the house of this woman?" referring to a complainant in the instant case. Upon defendant's denial that he had burglarized the premises, the prosecutor asked, "You burglarized or helped to burglarize the house of your girlfriend's brother?" When defense counsel objected to this line of questioning, he was advised by the court to "sit down" and, after the prosecutor repeated his question, the court asked defendant whether he had been charged with burglary and pleaded guilty to a lesser offense.

This questioning by the court could only have left the impression that defendant had previously committed the burglary, and the cross-examination by the prosecutor, which went far beyond his inquiry into the facts of the prior conviction, improperly created the inference that because defendant had previously committed a burglary, he had also committed the instant offenses. Such an improper inference was not dispelled by that part of the Judge's charge which explained that defendant's prior conviction could only be considered on the question of credibility.

Defendant's challenges to the court's charge have not been preserved for appellate review and, in light of the errors which were preserved for our review, we need not determine whether an inadequate charge warrants reversal in the interest of justice. We note, however, that if the alibi defense is interposed at defendant's new trial, the trial court must charge that the prosecution carries the burden of disproving an alibi beyond a reasonable doubt, and defendant has no burden of proving such an alibi (*People v Victor*, 62 NY2d 374; *People v Vera*, 94 AD2d 728; *People v Fludd*, 68 AD2d 409). Further, the court should

explain to the jurors the factors to be considered by them in evaluating identification testimony (*see, e.g., People v Daniels,* 88 AD2d 392), and the jury must be clearly instructed that identification must be proven beyond a reasonable doubt (*see, People v Whalen,* 59 NY2d 273, 279). Thompson, J. P., Bracken, O'Connor and Weinstein, JJ., concur.

