■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR RODRIGUEZ, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Ramirez, J.),

rendered February 10, 1982, convicting him of robbery in the first degree (three counts), robbery in the second degree (two counts), criminal possession of stolen property in the third degree, and criminal possession of a dangerous weapon in the second degree, upon a jury verdict, and imposing sentence.

Judgment reversed, on the law, and new trial ordered. No questions of fact have been raised or considered.

At the conclusion of the trial, in which there was an alibi defense, the court charged as follows: "Now; as I have already told you, an alibi is the very best evidence an innocent man can offer. However, if after examining all of the evidence in this case you conclude that the defense of alibi, and you must consider that separately, is false, disregard it, pay no further attention to it. However, if you believe it is true, you must acquit the defendant. Should you disbelieve the alibi, the People must still prove the defendant's guilt beyond a reasonable doubt based on all the other evidence in the case. The defendant cannot be convicted because of a weakness of an alibi defense. It is not incumbent upon the defendant to prove the truth of the alibi. When a defendant offers an alibi, he merely presents evidence in support of it. But, the burden of proving the defendant's guilt beyond a reasonable doubt is always on the People". Defendant's counsel objected, asserting that the charge failed to declare that the People were required to disprove the alibi beyond a reasonable doubt. The court disagreed, asserting that it was not the People's burden to disprove the alibi.

It is now settled that a judge must unequivocally state that it is the People's burden to disprove a defendant's alibi beyond a reasonable doubt (*People v Victor*, 62 NY2d 374). Therefore, the preserved error fatally tainted the charge. Mollen, P. J., Lazer, Mangano and Brown, JJ., concur.