■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IGOR KOLESKOR, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (G. Aronin, J.), rendered June 8, 1984, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim, raised for the first time on appeal, that it was error to permit cross-examination of his alibi witness concerning her pretrial silence, without first calling a bench conference and without issuing a curative charge (see, People v Dawson, 50 NY2d 311), has not been properly preserved for appellate review (see, People v Walker, 104 AD2d 573; People v Rossman, 95 AD2d 873). In any event, a proper foundation was laid in this case (see, People v Dawson, supra, at 321, n 4), and the defendant's failure to request either a bench conference or a curative instruction relieved the trial court of any such obligation (see, People v Colarco, 52 NY2d 801; People v Payne, 50 NY2d 867, 869; People v Campbell, 123 AD2d 437, lv granted 69 NY2d 878).

Likewise, the defendant's contentions that the trial court's charge improperly instructed the jury regarding both the defendant's alibi and the evaluation of evidentiary inconsistencies are unpreserved for appellate review. No specific requests for instructions were made prior to the charge nor were any objections or requests to further instruct the jury made. Having failed to alert the court to any claimed inadequacies at a time when they could promptly be corrected, the defendant is now precluded from raising such objections (see, People v Hoke, 62 NY2d 1022; People v Aschheim, 119 AD2d 757, lv denied 68 NY2d 912). Furthermore, we see no just cause for the exercise of our interest of justice jurisdiction (see, People v Walker, supra; People v Thompson, 97 AD2d 554).

The defendant's contention that the prosecutor engaged in "overreaching" during summation is also unpreserved for

appellate review. In any event, while some of the language used by the prosecutor may have been unnecessarily harsh in his description of the defendant and the crime, all of the comments were inferences properly drawn from the facts in evidence (*see, People v Bailey,* 58 NY2d 272). Further, in view of the attempts by defense counsel to undermine the credibility of the prosecution witnesses, the prosecutor was justified in his comments concerning the credibility of the People's witness (*see, People v Turner,* 120 AD2d 629, *lv denied* 68 NY2d 673; *People v Martin,* 112 AD2d 387, *lv denied* 66 NY2d 920; *People v Blackman,* 88 AD2d 620). To the extent that any of the prosecutor's comments were improper, any prejudice suffered by the defendant was harmless, and did not deprive him of a fair trial (*see, People v Crimmins,* 36 NY2d 230).

We have considered the defendant's remaining contentions and find them to be without merit. Lawrence, Kunzeman and Sullivan, JJ., concur.

Mollen, P. J., dissents and votes to reverse the judgment and order a new trial with the following memorandum. I vote to reverse the judgment of conviction and remit the matter for a new trial based upon what I perceive to be several errors by the trial court and the prosecutor which, taken together, warrant reversal in the interest of justice.

The defendant stands convicted of assault in the first degree arising out of the stabbing attack upon Anatoly Kolomensky in Brooklyn on August 23, 1982. At trial, the defendant raised an alibi defense claiming that on the night in question he was on vacation with his family in Connecticut. In its charge, the trial court instructed the jury on the issue of the alibi defense as follows:

"When considering an alibi, carefully consider the testimony of the alibi witnesses, appraise the credibility of the witnesses, if the defendant's guilt is not established beyond a reasonable doubt by reason of the truth of an alibi, you must acquit him. The defendant is not required to prove an alibi beyond a reasonable doubt. You only have to be satisfied as to the truth of the alibi. In other words, if by evidence it is insufficient to raise a reasonable doubt concerning the defendant's whereabouts at the particular time the crime was committed, and if the jury believes that the evidence and the alibi itself and believes that alibi, then that entitles the defendant to a verdict of not guilty. It is for you, to determine whether or not the alibi should be believed.

"However, if in your judgment you choose not to accept the

alibi statement, you still must from the other evidence find the defendant guilty of the crime charged beyond a reasonable doubt".

Alibi charges of this nature have been consistently disapproved of by this court since they serve to improperly place the burden upon the defendant to prove the truth of his alibi (see, People v Sepulveda, 105 AD2d 854, 857; People v McFadden, 100 AD2d 520; People v Hernandez, 92 AD2d 875; People v Vasquez, 87 AD2d 830; People v Costales, 87 AD2d 635; People v Carreras, 83 AD2d 590). The trial court's failure to unequivocally convey to the jury the fact that the prosecution bore the burden to disprove the defendant's alibi beyond a reasonable doubt, in my view, was a serious failure, particularly given the fact that the defense was largely concerned with alibi (see, People v Victor, 62 NY2d 374).

Moreover, the error in the court's charge was magnified by the fact that the prosecutor was permitted, over defense counsel's objection, to cross-examine the defendant's sister, one of the alibi witnesses, concerning her failure to go to the police or the District Attorney's office with the exculpatory information. It is axiomatic that an individual ordinarily has no legal duty to come forward with exculpatory information to law enforcement authorities. However, an alibi witness's previous silence may nevertheless be used as a basis for impeaching his trial testimony if a proper foundation is laid (see, People v Dawson, 50 NY2d 311). Despite defense counsel's objection to this questioning of the alibi witness concerning her failure to provide the law enforcement authorities with her exculpatory information, no bench conference was held to ascertain whether the witness refrained from speaking to the prosecutor under advice of defense counsel (see, People v Dawson, supra, at 323), nor did the trial court provide limiting instructions to the jury as to the weight to be accorded this evidence. Moreover, it is highly questionable whether this alibi witness was aware of the means through which she could make the exculpatory information available to the police or the District Attorney's office in view of the fact that at the time of trial she had been in this country for less than four years and her English was sufficiently limited so that she required a Russian translator at trial.

Moreover, the prosecutor's extensive questions suggesting that the defendant was involved in a "chop shop" operation went beyond the bounds of permissible efforts to impeach credibility and improperly insinuated that the defendant was guilty of uncharged crimes. During the prosecutor's question-

ing of the defendant he referred to the testimony of the arresting officer who stated that he arrested the defendant in February 1983 at a garage located at 21 Lenox Road. With this prelude, the prosecutor asked the defendant, over defense counsel's objection, "Isn't it a fact that's what you do at 21 Lenox Road was [sic] to operate a chop shop, that is a shop which buys stolen cars and chops them down into their component parts and sells off the parts, isn't that a fact?". Although the defendant denied any involvement in the alleged "chop shop" operation, the prosecutor continued this line of questioning by asking the defendant whether he had knowledge of the fact that several stolen vehicles were recovered from the Lenox Road garage in May 1983, three months after his arrest. The defendant again denied any involvement in the stolen car activities and on redirect examination stated that the stolen vehicles were recovered at a second garage located at 23 Lenox Road. The two garages were under the same ownership. The fact is that the defendant had never been arrested or charged with any crimes arising out of the alleged chop shop operation.

Although a witness may be cross-examined with respect to any immoral, vicious or criminal act which may affect his credibility, the cross-examiner must question in good faith and upon a reasonable basis in fact (see, Richardson, Evidence § 498 [Prince 10th ed]; People v Alamo, 23 NY2d 630, cert denied 396 US 879; People v Simpson, 109 AD2d 461, appeal dismissed 67 NY2d 1026). The record herein fails to disclose a sufficient factual basis to support a good-faith belief by the prosecutor that the defendant was in any way involved in the chop shop operation. The defendant was never charged with any crimes arising out of the chop shop activity and he denied any knowledge of stolen vehicles. Significantly, these vehicles were recovered three months after the defendant's arrest on the instant charge and from a different garage than the one in which the defendant had been arrested. Given these circumstances, the prosecutor should have been precluded from pursuing this line of questioning. Even assuming that a good-faith basis existed for this inquiry into the "chop shop" operation, the relevancy of this evidence was at best marginal and was clearly outweighed by the prejudicial effect such evidence had on the defendant's case.

Lastly, the prosecutor's summation was replete with improper and inflammatory remarks which severely prejudiced the defendant. For example, in describing the defendant, the prosecutor remarked, "he is hot-headed * * * he is wild * * *

he is hot-blooded * * * he is a violent man, a dangerous man, cruel man". Name-calling comments of this type have been consistently condemned by this and other courts since they exceed the bounds of legitimate advocacy and only serve to prejudice the jury against the defendant (see, People v Smalls, 94 AD2d 777, 778; People v Griffith, 80 AD2d 590; People v Rivera, 75 AD2d 544). The prejudice was further amplified by the prosecutor's inflammatory and overly imaginative remarks describing the attack. The prosecutor asserted, "the wound in the back was not enough for [the defendant]. He has to take a knife and drive it inside one side of [the victim's] colon and out the other and splice through the spleen and drive it up through the diaphragm into the lungs * * * He wants to leave a permanent scar * * * on [the victim's] face, something which would be visible * * * on his face for the rest of his life". This rather dramatic description of the crime was unnecessary and was obviously intended solely to inflame the jury (see, People v Allen, 74 AD2d 640, 644). To this extent, the prosecutor's remarks cannot be considered fair comment on the evidence.

Upon reviewing all these instances of impropriety, I conclude that the trial afforded to the defendant bore no resemblance to the fair trial to which he was entitled. Accordingly, I vote to reverse the judgment of conviction and order a new trial.