(May 16, 1989)

■ ALLEN FOREST, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 74200.)—Order, Court of Claims (Adolph C. Orlando, J.), entered January 15, 1988, which denied the motion of claimant, Mr. Allen Forest, for partial summary judgment on liability, and dismissed the claim, is unanimously affirmed, without costs.

In a 12-count indictment (1509/1973), a Bronx Grand Jury charged Mr. Allen Forest (defendant) with the robberies of Ms. Gloria McCoy and Ms. Sally McCloskey on February 1, 1973, and of Ms. Margaret Knox on February 27, 1973.

Before trial, defendant moved to suppress the identifications, and for severance and separate trials of the counts of the indictment relating to the three robberies. Those motions were denied.

While a jury convicted defendant of committing the crimes of robbery in the third degree (Penal Law § 160.05) and grand larceny in the third degree (Penal Law § 155.35), which are both class D felonies, in connection with the robbery of Ms. McCoy, they acquitted him of all counts concerning the Ms. McCloskey and Ms. Knox robberies.

As a result of defendant's conviction, on April 15, 1974, he was sentenced to two concurrent indeterminate terms of imprisonment, not to exceed five years.

On appeal, we reversed and remanded for a new trial *(People v Forest,* 50 AD2d 260 [1st Dept 1975]), since we found that the trial court should have granted defendant's motion for a severance, erred in its charge on reasonable doubt, and erred in permitting testimony concerning prior photographic identifications of defendant.

After the remand, the People moved to dismiss the charges against defendant which related to the robbery of Ms. McCoy, upon the grounds the complainant was reluctant to testify again, and, even if defendant was convicted at a new trial, he

would not be incarcerated for more than the approximately two years and six months he had already served in prison concerning the reversed conviction. On July 21, 1976, the People's motion was granted.

By notice of claim (claim) filed on December 17, 1986, defendant (claimant) commenced an action in the Court of Claims to recover damages against the State of New York (State), based upon his allegedly unjust conviction and imprisonment.

Following the joinder of issue, in March 1987, claimant moved for partial summary judgment on the issue of liability. In response, the State opposed, and sought to dismiss the claim. The Court of Claims denied the claimant's motion, and dismissed the claim for failure to state a cause of action.

After our review of the allegations in the claim, we find that the claim does not satisfy the pleading requirements of Court of Claims Act § 8-b, since the claimant has neither "factually demonstrate[d] a likelihood of success at trial in proving his innocence" (Fudger v State of New York, 131 AD2d 136, 140 [1987], lv denied 70 NY2d 616 [1988]) nor has he meritoriously shown that either our reversal or the dismissal of the indictment was based upon any of the grounds contained in Court of Claims Act § 8-b (3) (b). Accordingly, we affirm. Concur—Murphy, P. J., Kupferman, Ross, Ellerin and Rubin, JJ.