■ KEITH McFADDEN, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 74201.)—In a claim to recover damages under Court of Claims Act § 8-b for unjust conviction and imprisonment, the claimant appeals from an order of the Court of Claims (Orlando, J.), dated January 25, 1988, which denied his motion for partial summary judgment on the issue of liability, and granted the State of New York's cross motion for summary judgment dismissing the claim.

Ordered that the order is affirmed, with costs.

By judgment of the Supreme Court, Queens County (Balbach, J.), rendered September 21, 1979, the claimant Keith McFadden was convicted of robbery in the second degree and assault in the second degree, upon a jury verdict. On March 5, 1984, this court ordered that the judgment be reversed, on the law and as a matter of discretion in the interest of justice, and directed that a new trial be held (People v McFadden, 100 AD2d 520). Our determination to reverse the judgment was based upon our finding that the trial court erred in submitting the offense of robbery in the second degree to the jury as a lesser included offense of robbery in the first degree, and erred in its alibi charge (People v McFadden, supra, at 520-521). Upon remittitur, at the close of the People's case, the Trial Judge dismissed the indictment in the interest of justice, and the claimant thereafter commenced this claim to recover damages against the State of New York based upon his allegedly unjust conviction and imprisonment.

Upon our review of the record, we find that the Court of Claims properly dismissed McFadden's claim. Contrary to the claimant's contentions, the claim does not satisfy the pleading requirements of Court of Claims Act § 8-b, as the claimant has neither shown that our reversal was based upon any of the

grounds specified in Court of Claims Act § 8-b (3) (b) (ii) nor factually demonstrated a likelihood of success at trial in proving his innocence *(see,* Court of Claims Act § 8-b [4]; *Forest v State of New York,* 150 AD2d 214; *Heiss v State of New York,* 143 AD2d 67; *Stewart v State of New York,* 133 AD2d 112; *Fudger v State of New York,* 131 AD2d 136). Bracken, J. P., Rubin, Harwood and Balletta, JJ., concur.