■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ALBERT FRANCIS, Respondent.—Appeal by the People from an order of the Supreme Court, Richmond County, dated February 10, 1978, which, after a hearing, granted defendant's motion to suppress the identification testimony of the complaining witnesses, Jeffrey Muldoon and Ramona Mirro. Order reversed, on the law and the facts, and motion denied. We have examined the folders of photographs used by the police in seeking a photographic identification by the witnesses and find that there was no suggestiveness in the procedure employed. While the defendant's picture appears in each of the three folders used by the police, there are other pictures contained therein which are also repeated. It is true that the witnesses should not have been shown the folders together; however, that fact appears to have had no effect here, as complainant Mirro remained unable to make a positive identification despite the fact that complainant Muldoon had already done so. Regarding Mirro's identification of the defendant in Criminal Court, we also find no suggestiveness to have been present, since, among other factors, the identification was spontaneous (it occurred prior to the case having been called). Titone, J. P., Rabin, Gulotta and Cohalan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT EDDIE GARDNER, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered November 10, 1977, convicting him of robbery in the first degree, upon a jury verdict, and sentencing him as a predicate felony offender. Judgment modified, as a matter of discretion in the interest of justice, by vacating the sentence imposed. As so modified, judgment affirmed and case remanded to Criminal Term for further proceedings and resentencing in accordance herewith. At sentencing, the defendant challenged his prior felony convictions on the ground that his pleas had been coerced. The court called for an immediate hearing. However, defense counsel, without knowledge or evaluation of his client's allegations, convinced the court that a hearing was not mandated or necessary. In the interest of justice, we remand for a hearing pursuant to CPL 400.21. Titone, J. P., Rabin, Gulotta and Cohalan, JJ., concur.