■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES CONNEY, Appellant. — Judgment of the Supreme Court, New York County (Clifford Scott, J.), rendered on March 3, 1981, convicting defendant, after a jury trial, of criminal possession of stolen property in the first and third degrees and criminal impersonation and sentencing him to an indeterminate prison term of from 2½ to 7 years to be served concurrently with two concurrent determinate one-year terms, is reversed, on the law, and a new trial ordered. On the night of June 9, 1980, police officers observed the defendant and two other persons enter an automobile which they knew had been leased from Avis Rent-a-Car by means of a stolen credit card. After they noticed the defendant getting into the driver's seat and starting the vehicle, the officers approached him, requesting that he produce his license and papers for the car. The defendant thereupon handed over a stolen driver's license and a rental agreement containing a forged signature. He was arrested and, following a jury trial, convicted of criminal possession of stolen property in the first and third degrees and criminal impersonation. Although on appeal the defendant raises a number of issues, we believe that only one of these is sufficiently meritorious to warrant

reversal. Immediately prior to trial, the defense counsel informed the court that on the previous day, he had unsuccessfully sought permission from another Judge to be relieved from the case. The request was then renewed before the trial court on the basis of an alleged conflict between the defendant and his lawyer. The court denied the application, but, shortly thereafter, the defendant's attorney stated that his client wished to proceed *pro se*. During the court's inquiry into the matter, the defendant conceded that he had never represented himself before and had no experience in asking questions but indicated that he believed himself capable of doing so. The Judge then reserved decision until after the selection of the jury. However, the next day, while the court was addressing the prospective jurors, the defendant interjected that: "What he didn't tell you is that I am being forced to trial. That's why I'm being told to be quiet. I don't want this because it's wrong. I am being forced to trial. This is justice? This is justice?" When the defendant declared that he intended to remove himself from the courtroom, the Judge described to him the consequences of his departure. The defendant responded that: "You're speaking about rights, and you denied me rights." Announcing his desire to leave, the defendant stood up and went over to the door leading to the holding pens. At that point, the court denied the defendant's application to proceed *pro se* on the ground that he was not qualified to represent himself. It is the defendant's contention that the court's denial of his request to proceed *pro se* deprived him of his constitutional right to due process and to represent himself. In that regard, the law is clear that a defendant has a constitutional right to represent himself. (*Faretta v California,* 422 US 806; *People v Davis,* 49 NY2d 114; *People v McIntyre,* 36 NY2d 10.) In *People v McIntyre* (*supra*), the Court of Appeals held that a defendant *must* be allowed to proceed *pro se* provided certain requirements are met. According to the court's three-prong test (p 17), the right of an individual to defend himself may be invoked if "(1) the request is unequivocal and timely asserted, (2) there has been a knowing and intelligent waiver of the right to counsel, and (3) the defendant has not engaged in conduct which would prevent the fair and orderly exposition of the issues." In the instant situation, there can be no doubt that the defendant's application to represent himself was unequivocal and timely asserted. As to the second criterion, a court may not rely simply on the absence of prior experience since to "accept a defendant's lack of knowledge of legal principles and rules of law or his unfamiliarity with courtroom procedures as the ground for concluding that he is not qualified to represent himself would in effect be to eviscerate the constitutional right of self-representation" (*People v Davis, supra,* at p 120). The Court of Appeals explained (p 120) that a want of legal expertise "could confidently be said to exist in nearly every criminal case in which the defendant had not received legal training." Thus, a court's determination that an individual is not capable of representing himself must be based on a finding of mental incompetency, illiteracy or some other such disqualification. (See *People v Davis, supra.*) Here, the court did not conduct a sufficient examination into the defendant's competency. It simply decided that as a result of his single outburst, the defendant was not able to represent himself. The court presumably concluded that the defendant's behavior did not conform to the third criterion set forth by the Court of Appeals in that he had acted in a manner which would "prevent the fair and orderly exposition of the issues." If this is indeed the case, there is nothing in the record to support such a determination. The fact that the defendant conducted himself immoderately on one occasion does not necessarily mean that he intended, or could have been expected, to disrupt the proceedings. At any rate, the court made no finding to that effect. Since the court cannot be considered to have held the "dispassionate inquiry into the pertinent factors" mandated by *People v McIntyre* (*supra,* at p 19), the

defendant is entitled to a new trial. Concur — Sullivan, Carro and Milonas, JJ. Kupferman, J. P., and Ross, J., dissent, each in a separate memorandum, as follows:

Kupferman, J. P. (dissenting). In a classroom discussion, one could accept the majority's analysis, but in the real world with specific reference to the case before us, it transports us to the land of Oz. A Trial Judge has to function in the real world. This defendant has 53 prior arrests resulting in 32 convictions and is clearly guilty as the jury found. His counsel's request to be relieved was denied the day before trial by a different Judge. The renewed request before the Trial Judge based on alleged conflict between counsel and client was denied. The court was told that defendant wished to represent himself. The court asked pertinent questions and reserved decision on the motion and proceeded to explain the *voir dire* procedure to the pool of prospective jurors. Then came the defendant's outburst. Of course, he did not want to be forced to trial. He wanted to leave the courtroom. The Judge explained the effect of leaving the courtroom, but the defendant left anyway. The Trial Judge then denied the defendant's application to proceed *pro se*. With this scenario, the majority grants a new trial.

Ross, J. (dissenting). The trial court's efforts to explain the dangers of the defendant's proceeding *pro se* were adequate, in the circumstances. (*People v McIntyre,* 36 NY2d 10.) The defendant's obvious disregard for the court's caveats, plus defendant's conduct, should not result in granting the defendant a new trial.