■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRAMPTON LUNDY, Appellant. — Appeal by defendant from a judgment of the County Court, Suffolk County (Friedlander, J.), rendered March 4, 1982, convicting him of assault in the second degree and burglary in the second degree (two counts), upon a jury verdict, and imposing sentence.

Judgment affirmed.

On this appeal, the defendant, Frampton Lundy, *pro se,* contends that he is entitled to a new trial because, *inter alia,* he was not effectively represented by appointed counsel and the court erroneously denied his application to represent himself at trial.

In *People v Baldi* (54 NY2d 137, 146-147), the Court of Appeals stated that,

"[t]he right to the effective assistance of counsel is guaranteed by both the Federal and State Constitutions (US Const, 6th Amdt; NY Const, art I, § 6). What constitutes effective assistance is not and cannot be fixed with yardstick precision, but varies according to the unique circumstances of each representation * * *

"Our most critical concern in reviewing claims of ineffective counsel is to avoid both confusing true ineffectiveness with mere losing tactics and according undue significance to retrospective analysis. It is always easy with the advantage of hindsight to 'point out where trial counsel went awry in strategy. But trial tactics which terminate unsuccessfully do not automatically indicate ineffectiveness. So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met" (accord *People v Smith,* 59 NY2d 156, 166).

Very recently, however, the Supreme Court, in *Strickland v Washington* (466 US ___, 52 USLW 4565, 4570), stated the test of ineffective assistance as follows: "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction * * * resulted from a breakdown in the adversary process that renders the result unreliable."

Assuming that a substantive difference exists between them, we are satisfied that under either the *Strickland* two-pronged formulation, or the *Baldi* "meaningful representation" test, the defendant in the case at bar was effectively represented by his assigned counsel. The record discloses, *inter alia,* that counsel successfully moved for the suppression of certain evidence seized without a warrant from the defendant's room. Counsel also successfully moved for an order, pursuant to *People v Sandoval* (34 NY2d 371), prohibiting the prosecutor from cross-examining defendant about his prior criminal record. Counsel further requested that the defendant not be required to wear handcuffs during the trial and that a deputy sheriff not stand directly behind him. The court granted the requests to the extent that the defendant would not be handcuffed in the jury's presence nor would he be escorted into court with a deputy in the jury's presence. The record also reflects that counsel aggressively and effectively cross-examined the prosecution's witnesses, thereby eliciting testimony which resulted in the defendant's acquittal of attempted assault in the first degree and two counts of burglary in the first degree. What clearly emerges from this

record is that the defendant was represented by an attorney who was "familiar with, and able to employ at trial basic principles of criminal law and procedure" (*People v Droz*, 39 NY2d 457, 462). This simply is not "another of those *rare cases* * * * in which the representation of a defendant by his assigned lawyer was so inadequate and ineffective as to deprive him of a fair trial" (*People v Bennett*, 29 NY2d 462, 464; emphasis added).

Nor are we able to agree with the defendant that the trial court erroneously denied his application to defend himself *pro se*. In *People v McIntyre* (36 NY2d 10, 17), the Court of Appeals held that defendant in a criminal case may invoke the right to defend *pro se* provided that, "(1) the request is unequivocal and timely asserted, (2) there has been a knowing and intelligent waiver of the right to counsel, and (3) the defendant has not engaged in conduct which would prevent the fair and orderly exposition of the issues".

In the case at bar, the application to defend *pro se* was unequivocally made sometime *after* the commencement of the trial (see *People v McIntyre, supra,* p 17; cf. *People v Conney*, 98 AD2d 604), by a defendant who engaged in obstreperous conduct, both within and without the jury's presence, and who had a history of mental disorders, which resulted in institutionalization, and had a limited education (see *People v Reason*, 37 NY2d 351). The record in the case at bar justifies the denial of the defendant's application to defend *pro se* (cf. *People v Davis*, 49 NY2d 114).

We have examined the defendant's remaining contentions and find them to be without merit. Mollen, P. J., Weinstein, Rubin and Eiber, JJ., concur.