■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LANCE NEGRONI, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Dubin, J.), rendered August 15, 1983, convicting him of burglary in the first degree (two counts), burglary in the second degree, sexual abuse in the first degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Judgment reversed, on the law, and new trial ordered. No questions of fact have been raised or considered.

In connection with the defendant's request that the court charge the jury on alibi, the following instructions were given: "The defendant has offered testimony that at the time of the commission of the alleged crime he was elsewhere and thus had interposed a defense to the indictment that is commonly known and characterized as an alibi. I instruct and charge you that an alibi, if you believe it, is a strong defense because obviously the defendant could not have been in different places at the same time. Therefore, I direct you to carefully weigh the testimony of the alibi witness in evaluating that testimony and assessing the witness' credibility, you take into consideration among other things the manner in which the witness testified, the witness' background, the witness' motive for testifying, if any, and the witness' interest in the outcome of the case. If the proof concerning the alibi taken into consideration with all the other evidence of [*sic*] lack of evidence raises a reasonable doubt in your mind as to the defendant's presence at the place of occurrence of the act complained of as to the guilt of the defendant, you must acquit him".

The defendant objected to the court's alibi charge, contending that "[t]he Judge indicated to the jury that if they believed the

evidence of alibi and other evidence, they could find a reasonable doubt. I respectfully submit that that does not — that implies that the defendant has some burden of proving his alibi. I respectfully except to your Honor not charging that the burden of proof is on the prosecution to disprove the alibi, and even if they disprove the alibi, the People still have the burden of proving the guilty [*sic*] of the defendant". The defendant added that the court "never stressed to the jurors the prosecution's burden of proving guilt of the defendant beyond a reasonable doubt and that this burden never shifts. And going along with that same burden, it would be the burden of the prosecution to disprove it [the alibi] beyond a reasonable doubt". The court rejected the defendant's objections.

Having preserved this issue for our review (*see, People v Hoke,* 62 NY2d 1022; *cf. People v McLaughlin,* 104 AD2d 829), on appeal, the defendant challenges the court's alibi charge on the same grounds and asserts that he is entitled to a new trial.

In *People v Victor* (62 NY2d 374, 377-378), the Court of Appeals, reviewing an alibi charge, stated:

"An alibi is not an affirmative or exculpatory defense which the defendant has the burden of proving * * * Any charge that leads a jury to believe or suggests that a defendant has such a burden, unconstitutionally relieves the People of their burden of proving guilt beyond a reasonable doubt * * *

"[I]n order to avoid confusion and ensure that the jury understands that the People must always meet their burden of proving that the accused actually committed the crime, an alibi is treated for practical purposes the same as a statutory 'defense' under subdivision 1 of section 25.00 of the Penal Law * * * Thus, the People have the burden of disproving an alibi beyond a reasonable doubt, *and a Judge must unequivocally state that burden in the jury charge*" (emphasis added).

Similar to *Victor* (*supra*), the charge in the case at bar, viewed in its entirety, did not adequately convey to the jury the People's burden of disproving the alibi beyond a reasonable doubt. Accordingly, the judgment must be reversed and a new trial ordered.

In addition to the foregoing error, two other errors in the charge warrant discussion in light of our disposition, notwithstanding that the errors were not properly preserved for appellate review (*cf. People v Walker,* 104 AD2d 573). First, the court's instruction that the jury should "carefully weigh the testimony of the alibi witness in evaluating that testimony" was misleading in the absence of a similar instruction concerning the prosecution's identification evidence (*People v McFadden,* 100 AD2d

520, 521; *People v Orse,* 91 AD2d 1003, 1004; *People v Costales,* 87 AD2d 635).

Second, the court, in defining reasonable doubt, stated, *inter alia,* that, "The People are not required to prove the defendant's guilt beyond any reasonable doubt because there would hardly be any convictions if that were the law, beyond a reasonable doubt". This instruction was misleading, and should not be repeated at the defendant's new trial. Mollen, P. J., Lazer, Gibbons and Brown, JJ., concur.