THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT FRANCIS, JR., Appellant.

The trial court instructed the jury with respect to alibi testimony that such evidence "should be most carefully scrutinized" and went further to state that defendant was "not required to prove an alibi beyond a reasonable doubt" but the jury must be satisfied that when he gave that testimony he was telling the truth. This language suggested to the jury that defendant bore some burden of proof regarding the alibi defense, which is clearly improper (*People v Victor,* 62 NY2d 374).

While we do not find that the error was preserved for review as a matter of law (*see, People v Hoke,* 62 NY2d 1022), there were sufficient doubts raised as to the ability of the complainants to correctly identify the perpetrator that the error cannot be viewed as harmless (*see, People v Lee,* 110 AD2d 913; *People v Walker,* 104 AD2d 573; *People v Spruill,* 103 AD2d 785). Given the magnitude of the error in the charge and the less than overwhelming evidence of guilt, the interest of justice mandates reversal (*see, People v Chestnut,* 99 AD2d 515).

There is no merit to defendant's contention that identification testimony should not have been admitted at trial since this court has had occasion to pass upon that precise issue on an earlier appeal from the suppression court's ruling (*see, People v Francis,* 67 AD2d 686), and we find no basis now upon which to overturn our previous decision. Weinstein, Rubin, Lawrence and Kunzeman, JJ., concur.