THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN LEE, Appellant.

At the conclusion of the trial, the jury was instructed, *inter alia,* that,

"[n]ow, the defendant in this case has presented what is commonly known as an alibi defense. Now, really this is not a defense at all, but it is an attempted rebuttal of the People's attempt to prove that the defendant was there and did what they claimed he did.

"An alibi, of course, if believed by the jury, is the best defense that a defendant could have because, obviously a person cannot be in two different places at the same time.

"The alibi evidence which the defendant has placed before you seeks to convince you that the defendant was elsewhere at the time of the commission of the crime, and therefore, could not possibly have committed it. Now, whether you believe that he was or was not so present, and therefore, could or could not have done what he has been charged with doing, is for you to decide along with all the other facts in the case. However, I want to

caution you, the testimony of the witnesses called to establish an alibi should be carefully scrutinized by the jury. If the proof as to the alibi when taken into consideration with all of the other evidence raises a reasonable doubt in your minds as to the guilt of the defendant, the defendant is entitled to an acquittal.

If you believe the alibi, then the alibi precludes the possibility of guilt, and, of course, the defendant, must be acquitted."

This charge was flawed in several important respects. First, the charge did not expressly convey to the jury that the People bear the burden of disproving the alibi beyond a reasonable doubt. In *People v Victor* (62 NY2d 374, 377-378), the Court of Appeals, reviewing an alibi charge, stated that "[a]n alibi is not an affirmative or exculpatory defense which the defendant has the burden of proving * * * [A]ny charge that leads a jury to believe or suggests that a defendant has such a burden, unconstitutionally relieves the People of their burden of proving guilt beyond a reasonable doubt * * * [I]n order to avoid confusion and ensure that the jury understands that the People must always meet their burden of proving that the accused actually committed the crime, an alibi is treated for practical purposes the same as a statutory 'defense' under subdivision 1 of section 25.00 of the Penal Law * * * [T]hus, the People have the burden of disproving an alibi beyond reasonable doubt, and a Judge must unequivocally state that burden in the jury charge" (*accord, People v Negroni,* 109 AD2d 756).

Second, it was error for the court to instruct the jury that "[a]n alibi * * * if believed by the jury"; that "[t]he alibi evidence which the defendant has placed before you seeks to convince you that the defendant was elsewhere"; and that "[i]f you believe the alibi". These and similar instructions have been condemned because they erroneously imply that the jury could conclude that the alibi defense was effective only if the jury had a subjective belief as to its truth. Such instructions may be wrongly interpreted by the jury as shifting the burden of proof with respect to the alibi defense away from the People and to the defendant (*People v Chestnut,* 99 AD2d 515; *People v McFadden,* 100 AD2d 520).

Third, the court's instruction that the jury should carefully scrutinize the alibi testimony, while not per se improper, required the court to similarly charge the jury concerning the People's identification testimony (*see, People v Chestnut, supra*). Here, no similar charge was given with respect to identification. This omission assumes greater significance in light of the bare-bones identification charge given by the court (*see, People v Daniels,* 88 AD2d 392), coupled with the identification witness'

tender age and the inconsistencies in his testimony elicited during cross-examination.

Though these errors have not been properly preserved for our review as a matter of law (CPL 470.05 [2]; *People v Negroni, supra*), we nevertheless reach them as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]; *People v Wallace,* 87 AD2d 895; *People v McFadden, supra,* p 521). The several flaws in the court's alibi charge deprived the defendant of a fair trial, thereby requiring reversal. While we might not be inclined to reach these issues where the proof of guilt is overwhelming, such is not the case here (*People v Francis,* 110 AD2d 906).

Error was also committed when, over defense counsel's objection, the prosecutor was permitted to cross-examine the defendant concerning his pre-arrest silence. As we recently stated in a similar context, "[a]lthough witnesses' credibility is certainly a proper subject for comment in summation, the use of a defendant's pretrial silence for impeachment purposes is proscribed * * * 'A defendant is under no greater an obligation to incriminate himself by voluntarily contacting the police than he is by declining to make statements when confronted by law enforcement officials' * * * The prosecutor's statement clearly indicated that defendant was less worthy of belief because he maintained his silence until the trial" (*People v Wagman,* 99 AD2d 519, 521). Though the People concede error, we disagree that under the circumstances of this case the error can be deemed harmless (*see, People v Crimmins,* 36 NY2d 230).

In addition to these errors, one additional error, though not sufficient standing alone to require reversal, warrants discussion and should not be repeated at the defendant's second trial. During his testimony, the investigating detective was permitted to testify, over objection, that the defendant became a suspect the day after the young victim had provided a description of his assailant. Such testimony, which raised the inference that the victim had identified the defendant, was inadmissible hearsay (*see, People v Cummings,* 109 AD2d 748; *People v Williams,* 109 AD2d 906), which, in effect, was utilized to bolster the victim's identification testimony (*People v Trowbridge,* 305 NY 471).

In view of the foregoing we reverse the judgment of conviction and remit the matter to the Supreme Court, Queens County, for a new trial. Mollen, P. J., Titone, Thompson and Lawrence, JJ., concur.