◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID JIMINEZ, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Dubin, J.), rendered February 24, 1983, convicting him of robbery in the first degree, robbery in the second degree (two counts), and criminal use of a firearm in the second degree, upon a jury verdict, and imposing sentence.

Judgment reversed, on the law, and new trial ordered.

In its charge to the jury, the court said that alibi testimony is a strong defense "if you believe it". This language could have misled the jury into thinking that it must have been convinced of the alibi's truth before the alibi could serve as a basis for acquittal. "[W]hile not erroneous on its face * * * [it] may have conveyed to the jury, not accustomed to digesting rules of law", that the defendant had some burden of proving his alibi (*People v Victor,* 62 NY2d 374, 378; *People v Negroni,* 109 AD2d 756). In addition, the court failed to explicitly charge, despite defendant's request to do so, that the People have the burden of disproving an alibi beyond a reasonable doubt (*People v Victor, supra,* p 378). As with the virtually identical alibi charge in *People v Negroni* (*supra*), the charge did not adequately convey the correct burden to the jury.

Since only a single witness' identification linked defendant to the crime and several witnesses testified to an alibi for defendant, we cannot deem this error harmless (*People v Lee,* 110 AD2d 913; *People v Chestnut,* 99 AD2d 515).

Accordingly, the judgment must be reversed and a new trial ordered. Mollen, P. J., Niehoff, Rubin and Lawrence, JJ., concur.