■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD VAN PELT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Broomer, J.), rendered September 24, 1982, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Judgment reversed, on the law, and new trial ordered. The facts have been considered and determined to have been established.

At the conclusion of this trial, where the defendant had raised an alibi defense, the defendant's counsel specifically requested that the court charge that the prosecution had the burden of disproving the defendant's alibi. Despite this request, the following charge was given:

"The defendant has interposed a defense of alibi. Alibi is a latin word meaning elsewhere. In short, it is the defendant's contention that at the time and place of the crimes charged in the indictment, he was elsewhere, namely at 85 Murdock Place, in Elm Park. The alibi, if believed by you, is a complete defense to all the charges, since a man cannot be in two places at the same time.

"Whether you believe that alibi defense is, of course, a question of fact for you to determine like all other questions of fact in the case. The defendant is entitled to have his alibi testimony treated the same as all the other evidence in the case. You will weigh and consider this evidence in this case to determine where the truth lies.

"If, after you have carefully considered the alibi testimony, you find that it was possible for the defendant to have committed the crimes charged, it is still your duty to determine whether the People have established all the elements of the crimes charged beyond a reasonable doubt.

"Bear in mind the defendant need not establish his alibi. He has no burden of proof on that or any other issue in this case.

"The People must prove beyond a reasonable doubt that it was the defendant and no other who committed the crimes charges".

The defendant's counsel objected to the court's failure to charge the requested language, but no further instructions were given.

The trial court erred in failing to respond to counsel's requests to charge that the prosecution had the burden of disproving the defendant's alibi beyond a reasonable doubt. It is now settled that a Judge must unequivocally state that it is the People's burden to disprove a defendant's alibi beyond a reasonable doubt *(People v Victor,* 62 NY2d 374; *People v Rodriguez,* 111 AD2d 881; *People v Negroni,* 109 AD2d 756). Since only one witness's identification linked the defendant to the crime, we cannot deem the error harmless and a new trial must be ordered *(People v Jiminez,* 111 AD2d 832).

The defendant's other contentions have been considered and have been determined to be without merit. Lazer, J. P., Bracken, Brown and Kooper, JJ., concur.