■ The People of the State of New York, Respondent, v Alan Aschheim, Also Known as Alan Ascheim, Appellant.— Appeal by the defendant from a judgment of the County Court, Westchester County (Leggett, J.), rendered August 31, 1979, convicting him of assault in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The denial of the defendant's application to represent himself, which was initially made during the course of the trial, and his subsequent removal from the courtroom during portions of the trial, were justified by his disruptive and obstreperous conduct (see, Illinois v Allen, 397 US 337; People v McIntyre, 36 NY2d 10; People v Johnson, 45 AD2d 1030, affd 37 NY2d 778; People v Lundy, 104 AD2d 384; People v Saccomanno, 83 AD2d 843). We also note that the trial court charged the jury that "[the] alibi evidence, which the defendant has placed before you, seeks to convince you that the defendant was elsewhere" and that "[w]hether you believe that he was or was not so present * * * is for you to decide on the basis of whether or not you believe the alibi witness". This language may have been wrongly interpreted by the jury as shifting the burden of proof with respect to the alibi defense away from the People and to the defendant (see, People v Victor, 62 NY2d 374; People v Jiminez, 111 AD2d 832; People v Lee, 110 AD2d 913; People v Chestnut, 99 AD2d 515). However, because no objection was raised to the alibi charge at the trial, the error is unpreserved for appellate review, and, in view of the overwhelming evidence of the defendant's guilt, reversal in the interest of justice is inappropriate.

We have considered all of the defendant's other claims, and

find them to be without merit. Lazer, J. P., Brown, Weinstein and Niehoff, JJ., concur.