■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH CAMPBELL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Levine, J.), rendered July 5, 1984, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

At about 12:30 A.M. on November 5, 1983, the complainant, a New York City Department of Correction Officer, was

robbed at gunpoint of his cash, jewelry, service revolver and shield in the well-lighted main floor hallway and lighted stairwell of an apartment building at 330 Dumont Avenue in Brooklyn, by two individuals who the complainant subsequently identified as the defendant and an accomplice. The robbery lasted about 1½ to 2 minutes, during which the complainant saw the perpetrators. At the trial the defendant not only challenged the complainant's identification but also presented an alibi defense. The alibi witnesses consisted of the defendant's aunt and uncle, Ione and David McShaw, and a friend of the defendant. The defendant and the McShaws lived in different apartments in 330 Dumont Avenue and the alibi witnesses and the defendant testified that they were together watching television in the McShaws' apartment on the ninth floor before, during and after the time of the robbery. During the cross-examination of Ione McShaw, the prosecutor elicited from her that she (1) was aware of the charges against the defendant, (2) recognized that she possessed exculpatory information, and (3) was familiar with the means to make the information available to law enforcement authorities. Mrs. McShaw's relationship to the defendant provided a reasonable motive to exonerate him. The prosecutor asked Mrs. McShaw if she went to the police after she realized that the defendant had been in her apartment while the robbery was taking place. She responded "[n]o" and volunteered that she told the defendant's mother of her realization and that defense counsel subsequently told her not to speak to anyone. During summation, the prosecutor commented on Mrs. McShaw's failure to contact the police to tell them that they had arrested the wrong man. The defense counsel did not object to the cross-examination questions or to the comment during the prosecutor's summation.

The defendant initially contends that his guilt was not established beyond a reasonable doubt. We do not agree. Our review of the record indicates that the defendant's evidence challenging the unwavering identification of him by the complainant presented a credibility question which was for the jury to determine (see, e.g., People v Gruttola, 43 NY2d 116, 122; People v Joyiens, 39 NY2d 197, 203). Likewise, the credibility of the alibi witnesses, who testified inconsistently, was for the jury to determine (see, People v Joyiens, supra; People v De Tore, 34 NY2d 199, 206-207, cert denied sub nom. Wedra v New York, 419 US 1025). When viewed in the light most favorable to the People, the record contains evidence qualitatively and quantitatively sufficient to support the verdict (see, People v Malizia, 62 NY2d 755, 757, cert denied 469 US 932).

The defendant next contends that the trial court's failure to call a conference at the Bench to ascertain the basis for Ione McShaw's not going to the police and the court's permitting the prosecutor to question her on that subject and commenting thereon during summation was prejudicial error. We reject this contention. Initially we note that there was no protest at trial concerning the prosecutor's cross-examination of Ione McShaw as to her failure to go to the police, nor was an objection made to the associated comment in the prosecutor's summation. Accordingly these asserted errors were not preserved for our review *(see, People v Mandel,* 48 NY2d 952, *cert denied* 446 US 949, *reh denied* 448 US 908). In any event, assuming a proper foundation has been laid, as it was in this case *(see, People v Dawson,* 50 NY2d 311, 321, n 4), a prosecutor may cross-examine a defendant's alibi witnesses with reference to their failure before trial to have come forward with the substance of their exculpatory testimony *(see, People v Colarco,* 52 NY2d 801; *People v Williams,* 51 NY2d 803, 804; *People v Payne,* 50 NY2d 867, 869; *People v Dawson, supra,* at p 321) so long as the content or manner of cross-examination does not suggest or imply that the witness was under any duty to come forward *(see, People v Payne, supra,* at p 869). No such implication was made here. Under the circumstances, the cross-examination was not improper.

As to the defendant's contention that the court's alibi charge was erroneous because the court did not specifically state that the People had the burden of disproving his alibi beyond a reasonable doubt, as counsel requested, the charge, when viewed in its entirety *(see, People v Victor,* 62 NY2d 374, 378; *People v Negroni,* 109 AD2d 756, 757), was satisfactory without the additional requested language *(cf. People v Victor, supra; People v Negroni, supra).*

Finally, we see no abuse of discretion in the trial court's sentence and therefore decline to disturb it *(see, People v Suitte,* 90 AD2d 80). Bracken, J. P., Brown, Weinstein and Rubin, JJ., concur.