■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROLAND CAMPBELL, Appellant.—Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Vaccaro, J.), rendered January 16, 1986, convicting him of murder in the second degree and criminal possession of a weapon in the second degree under indictment No. 2721/84, upon a jury verdict, and imposing sentence, and (2) a judgment of the same court, also rendered January 16, 1986, convicting him of attempted burglary in the second degree and possession of burglars tools, under indictment No. 6727/84, upon a jury verdict, and imposing sentence.

Ordered that the judgment convicting the defendant of murder in the second degree and criminal possession of a weapon in the second degree under indictment No. 2721/84 is reversed, on the law and in the interest of justice, a new trial is ordered, and the matter is remitted to the Supreme Court, Kings County, for a reopened *Huntley* hearing in accordance herewith; and it is further,

Ordered that the judgment convicting the defendant of attempted burglary in the second degree and possession of burglars tools under indictment No. 6727/84 is affirmed.

The defendant was charged under indictment No. 2721/84 with the shooting death of Raymond Benjamin on November 25, 1983, in the hallway of the apartment building in which the defendant's mother resided. Several months after the murder, on April 25, 1984, the defendant, who was considered a prime suspect in the Benjamin murder, was arrested on burglary charges in the 71st Precinct, which was the same precinct in which the Benjamin murder occurred. At that time, the defendant, after he was informed of and waived his *Miranda* rights, was questioned by the homicide detective assigned to the murder investigation. During the questioning, the defendant admitted to shooting Benjamin because he was holding and threatening the defendant's sister at knifepoint. The defendant's attempts to suppress his custodial confession on the basis that it was obtained by coercion and physical

abuse by the police proved unsuccessful. At trial, the defendant asserted that his custodial confession was false and was obtained through coercion. The defendant also set forth an alibi defense, which was supported by his mother's testimony, in which he claimed to have been sleeping in his mother's apartment at the time of the alleged shooting. Following a jury trial, the defendant was found guilty of murder in the second degree and criminal possession of a weapon in the second degree.

We agree with the defendant's position that the trial court's jury charge was replete with errors which collectively deprived him of his constitutional right to a fair trial. Firstly, in charging the jury on the issue of the defendant's alibi defense, the trial court stated, in pertinent part: "The alibi defense, which the defendant has placed before you, seeks to convince you that the defendant was somewhere else at the time and therefore could not possibility *[sic]* have committed the acts charged. When considering the alibi consider the testimony of the alibi witnesses. You should evaluate this testimony with the same caution that you evaluate all of the testimony that you have heard. Whether you believe the defendant was or was not present is again for you to decide along with all of the other facts in the case. The burden is not upon the defendant to prove the truth of the alibi. The defendant merely comes forward with evidence of an alibi. If the alibi raises a reasonable doubt in your minds then the defendant is entitled to have this evidence treated like any other evidence in this case. If you believe the defense of alibi, that is, that the defendant was not present at the time of the shooting, you need go no further and return a verdict in favor of the defendant".

This alibi charge clearly failed to meet the standards set forth in *People v Victor* (62 NY2d 374), since at no time did the court expressly instruct the jury that the People have the burden of disproving the defendant's alibi beyond a reasonable doubt. Moreover, although the trial court did state that the defendant did not have the burden of proving the truth of the alibi, the court erred in incorporating in its charge the phrases that, "[t]he alibi defense, which the defendant has placed before you, *seeks to convince* you", and "[w]hether you *believe* the defendant was or was not present is again for you to decide" (emphasis added). These and similar instructions have been condemned by this court because "the jury could conclude [therefrom] that the alibi defense was effective only if the jury had a subjective belief as to its truth" *(People v Lee,* 110 AD2d 913, 914). Moreover, these instructions permit the

jury to infer that the burden of proof with respect to the alibi is on the defendant rather than the prosecution *(see, People v Aschheim,* 119 AD2d 757; *People v Lee, supra; People v Arcarola,* 96 AD2d 1081, 1082).

Additionally, the trial court's charge on the issue of the voluntariness of the defendant's statement was also deficient in several respects. Although the court did charge the jury that the People bore the burden of proving beyond a reasonable doubt that the statement was made, the court erred in not instructing the jury that the People also bore the same burden on the issue of the voluntariness of that statement *(see, People v Huntley,* 15 NY2d 72; *People v Murray,* 130 AD2d 773). On this point, the court merely informed the jury that "you will * * * have to determine whether they were voluntarily made and were in fact truthful in whole or in part". The court wholly failed to delineate as to whether the defense or the People bore the burden of proof on this issue. This error was further compounded by the trial court's rather brief and vague definition of the term "involuntariness" as it related to the defendant's statement *(see,* 1 CJI[NY] 11.01, at 657-658).

Thirdly, the trial court erred when, in summarizing the People's contentions, it equated the defendant's failure to call his sister as a defense witness, who was allegedly in the apartment with the defendant at the time of the shooting, with consciousness of the defendant's guilt. It is well established that the fact finder *may* infer from the defendant's failure to call a witness, who is under his or her control and who would be expected to give favorable evidence on his or her behalf, that, if the witness were called, he or she would not support the defense on the issue of which the witness possesses knowledge. This inference, however, is merely negative and does not permit the fact finder to "assume that the witness could have provided positive evidence corroborating or filling gaps in the People's proof" *(People v Paylor,* 70 NY2d 146, 149).

With the exception of the defendant's objection to the use of the word "belief" in the trial court's alibi charge, the defendant's challenges to the aforesaid errors of law in the court's charge were not preserved for appellate review *(see,* CPL 470.05 [2]). We conclude, however, that under the circumstances of this case, reversal is necessary as a matter of discretion in the interest of justice. Each of the aforesaid errors dealt with the crux of the defendant's case, namely, the viability of his alibi defense and the involuntariness of his

statement. Moreover, the evidence of the defendant's guilt of the charged crimes is less than overwhelming. Accordingly, we find that a new trial is warranted.

We are also in agreement with the defendant's contention that the hearing court, after granting reargument, erred in summarily denying the defendant's motion to reopen the *Huntley* hearing to permit the defendant to assert a *Bartolomeo* claim *(see, People v Bartolomeo,* 53 NY2d 225). The defendant alleged that the police officer who arrested him on burglary charges on the morning of April 25, 1984 was aware or should have been aware that the defendant had felony charges pending against him, since that same officer had arrested the defendant on those charges five months earlier. Moreover, the defendant noted that the homicide detective spoke with that arresting officer prior to questioning the defendant about the murder. The defendant also explained that his prior attorney who represented him at the suppression hearing was incompetent in failing to raise a *Bartolomeo* claim at the initial hearing. In view of these factual allegations, which were not specifically denied by the People, we conclude that the hearing court should have reopened the *Huntley* hearing to afford the defendant an opportunity to argue that the police officer's alleged knowledge of the defendant's pending felony charges should be constructively imputed to the homicide detective *(see, People v Bertolo,* 65 NY2d 111; *People v Fuschino,* 59 NY2d 91, 98-99; *People v Green,* 138 AD2d 516; *People v Woolard,* 124 AD2d 763, *lv denied* 69 NY2d 751; *People v Sanchez,* 109 AD2d 761; *People v Beverly,* 104 AD2d 996) and that, accordingly, the questioning conducted in the absence of the defendant's counsel was unconstitutional *(see, People v Bartolomeo, supra).* In view thereof, the defendant, prior to retrial, should be given an opportunity to reopen the *Huntley* hearing and assert a *Bartolomeo* claim.

We have reviewed the defendant's remaining contentions and find them to be without merit. Mollen, P. J., Brown, Eiber and Kooper, JJ., concur.