■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLAYTON WASHINGTON, Appellant.—Appeal by the defendant

from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered January 27, 1984, convicting him of robbery in the second degree and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

We agree with the defendant's contention that the trial court's alibi charge, which was objected to at trial, deprived him of a fair trial by reason of the court's failure to instruct the jury that the People bore the burden of disproving the defendant's alibi defense beyond a reasonable doubt *(see, People v Victor,* 62 NY2d 374; *People v Van Pelt,* 119 AD2d 707; *People v Campbell,* 148 AD2d 743). Moreover, contrary to the People's position, this error was not harmless since the evidence of guilt, which consisted solely of the complainant's identification testimony, was far from overwhelming. We further note that the two cases relied upon by the People, namely, *People v Washington* (131 AD2d 795) and *People v Hydleburg* (127 AD2d 792), are distinguishable from the instant case on the basis that in both those cases, the defendants failed to register an objection to the alibi charge and, thus, failed to preserve the issue for appellate review. Additionally, in both cases this court declined to reverse the judgments of conviction in the interest of justice (CPL 470.15 [3] [c]) since, unlike the case at bar, the alibi charges, as a whole, were not prejudicial to the defendants. Mollen, P. J., Mangano, Kunzeman and Balletta, JJ., concur.