■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS CARL CLARKE, Appellant. — Appeal by defendant from a judgment of the County Court, Dutchess County (Vogt, J.), rendered October 29, 1981, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Judgment reversed, on the law, and new trial ordered.

It was error, under the circumstances, for the trial court to deny defendant's request for a specific identification charge. The People's case against defendant turned entirely upon the testimony of Bernadette Lumia, an eyewitness to the robbery, who

made the sole identification of him as the perpetrator of the crime. The victim of the robbery, the only other eyewitness, could not make a positive identification.

Defendant presented an alibi defense through the testimony of four witnesses, two of whom were able to place him in East Orange, New Jersey, anywhere between one to two hours before the robbery occurred in Poughkeepsie, New York. One of the defense witnesses testified that on the date of the incident, he was with defendant on a train leaving Poughkeepsie at approximately 12:00 P.M. (noon) and arriving at Grand Central Station in New York City two hours later. Defendant's mother testified that defendant arrived at her house in Brooklyn that evening at about 8:00 P.M. There was, however, no evidence of defendant's whereabouts at approximately 5:00 P.M., when the robbery allegedly occurred. Nor is there anything in the record to establish the distance between East Orange and Poughkeepsie, or the shortest time it would take to travel from the former point to the latter at 3:00 P.M. on a Friday afternoon in the summer. Despite these shortcomings in the alibi testimony, the instant case is, nevertheless, clearly distinguishable from our decision in *People v Smith* (100 AD2d 857), where there was no alibi defense and strong circumstantial evidence linked the defendant to the robbery. We have consistently held that in cases such as the one at bar, the court must furnish the jury with clear, adequate guidelines with respect to the evaluation of identification testimony (*see, People v Knowell,* 94 AD2d 255; *People v Daniels,* 88 AD2d 392).

The failure of the trial court in the instant case to furnish the jury with adequate guidelines is illustrated by the fact that it did not specifically instruct the jury that the People had to prove identification beyond a reasonable doubt, thus falling short of what is considered to be the minimally acceptable identification charge (*see, People v Whalen,* 59 NY2d 273, 279). The only reference which could possibly relate to the evaluation of identification testimony was that the jury must consider "the opportunity that the witness had to observe the facts concerning which he or she testified". Given the close question of identification presented at trial, coupled with an alibi defense, this reference, without more, was clearly insufficient.

We have examined defendant's other contentions and find them to be without merit. Lazer, J. P., Thompson, Weinstein and Eiber, JJ., concur.