■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

VANDIDO HAMBRICK, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Agresta, J.), rendered June 14, 1984, convicting him of assault in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Judgment reversed, on the law, and new trial ordered.

The trial court committed reversible error by denying the defense counsel's timely request for a detailed jury instruction on the issue of identification. When identification is in controversy, the trial court should furnish an instruction directing the jury to focus on both the accuracy and veracity of identification testimony, and should provide specific guidelines for the evaluation of such testimony. Moreover, the instruction on identification must clearly convey the requirement that the prosecution prove identification beyond a reasonable doubt *(see, People v Whalen,* 59 NY2d 273, 278-279; *People v Hooks,* 110 AD2d 909, 912; *People v Clarke,* 108 AD2d 819, 820; *People v Hollis,* 106 AD2d 462, 464-465; *People v McKenzie,* 97 AD2d 774; *People v Knowell,* 94 AD2d 255, 258-259; *People v Daniels,* 88 AD2d 392, 400-401).

In this case, although the defendant admitted to having been involved in a confrontation with the victim, he testified that he had left the scene prior to the crime. In addition, the defense raised questions at trial with regard to the ability of the victim and another prosecution witness to have observed the assailant, and with regard to certain discrepancies in the description of the assailant furnished by them. In view of the foregoing, it cannot be said that the identity of the assailant was not in controversy and, therefore, the trial court's refusal to deliver any identification charge whatsoever was error.

Because there must be a new trial, we address one further error which, although not constituting a basis for reversal in this case, nevertheless should not be repeated. In cross-examining the defendant, the prosecutor attempted to establish that, by reason of his religious beliefs, the defendant wore his hair in dreadlocks and smoked marihuana. This attempt to discredit the defendant, whether by reason of his religious beliefs or because of his affiliation with a group held in general disfavor, was improper *(see, e.g., People v Wood,* 66 NY2d 374, 378-379; *People v Connally,* 105 AD2d 797, 798; *People v Forchalle,* 88 AD2d 645, 646; *People v Gadsden,* 80 AD2d 508; *People v Torres,* 72 AD2d 754, 755; *People v Kenyatta,* 17 AD2d 659, 660).

In view of our determination, we need not address the defendant's excessive sentence claim. Mollen, P. J., Mangano, Gibbons and Bracken, JJ., concur.