■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAY WILLIS, Appellant.

Contrary to the defendant's contention, the People's timely disclosure of a complete but partially illegible photocopy of a *Rosario* statement did not deny him a fair trial *(see, People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866). The statement, a police report of the victim's description of the perpetrator, was delivered to the defense counsel prior to the trial and, although the flaw was obvious and easily rectifiable, the defense counsel made no attempt to obtain a clearer copy. In any event, the minutes of the reporting officer's hearing testimony, during which he read the description from his report, provided the defendant with the "duplicative equivalent" of the entire statement, including the two illegible words *(see, People v Ranghelle,* 69 NY2d 56; *People v Consolazio,* 40 NY2d 446).

The defendant also contends that the court's charge on identification, during which the court substituted the word "defendant" for the word "perpetrator" on five occasions, was reversible error. While that portion of the court's charge was erroneous, reversal is not warranted since a review of the

identification charge as a whole reveals that it properly conveyed to the jury that the prime issue to be determined was whether the defendant was, in fact, the perpetrator and clearly set forth the correct rules for the jury to apply in arriving at its decision *(see, People v Hambrick,* 122 AD2d 163, *lv denied* 69 NY2d 712).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Brown, J. P., Weinstein, Spatt and Balletta, JJ., concur.