■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM PEREZ, Appellant.

The trial court committed reversible error by denying defense counsel's timely requests for a jury instruction on the issue of identification and in failing to furnish any identification instruction whatsoever. Where identification is an issue, as it was in this trial, a jury instruction must be given stating that the prosecution must prove the identity of the perpetrator beyond a reasonable doubt (see, People v Whalen, 59 NY2d 273, 278-279; People v Hambrick, 122 AD2d 163, 164, lv denied 69 NY2d 712; People v Beasley, 114 AD2d 415, 416, lv denied 66 NY2d 917).

The defendant testified and denied committing the robbery or resisting arrest. After summation, defense counsel requested a charge on identification and the court replied:

"THE COURT: Counsel, rest assured that I would have charged that anyway. I remind you that one of the elements that the People must prove beyond a reasonable doubt is the

fact of the identification of the individual. I will charge that. I will not charge it, however, in any language that you believe I should charge it.

"Rest assured, however, that it would be there".

The court then charged the jury but did not include any charge on identification. Defense counsel again requested such a charge and the following ensued:

"THE COURT: I believe that I have set forth sufficient in my pristine charge that has covered both of those facets. I remind you that I told them as regards to the fact that they are to utilize the rule of *falsus in uno* and *falsus in omnibus* and all the other rules in making a determination. I don't think anything further would be appropriate.

"Do you have any further requests?

"MR. EINGOREN: You're denying my application?

"THE COURT: Yes, application denied.

"MR. EINGOREN: Respectfully except.

"THE COURT: It is denied, in light of the fact that this Court believes that in the pristine charge that that has been covered".

Although the defendant produced no alibi witnesses, his testimony explained his presence in the vicinity. In addition, defense counsel raised questions at trial with regard to discrepancies in the victim's description of the assailant at the *Wade* hearing, the Grand Jury hearing and the trial. In view of the foregoing, the identity of the assailant was in controversy and the failure to deliver any identification charge whatsoever was error *(see, People v Hambrick, supra,* at 164). Mollen, P. J., Mangano, Brown and Harwood, JJ., concur.