■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABRAHAM RODRIGUEZ, Appellant.—Judgment, Supreme Court,

Bronx County (Peggy Bernheim, J.), rendered October 28, 1987 convicting defendant, after a jury trial, of two counts of robbery in the first degree and sentencing him to concurrent terms of imprisonment of 9 to 18 years and 6 to 18 years, unanimously affirmed.

It is alleged that defendant and one other, Gabriel Ayala, participated in the armed robbery of a shopkeeper. Defendant contends he was denied a fair trial when the court did not charge the jury on the evaluating of the identification testimony. .

Only in cases where there is some issue presented as to identification is it necessary for the court to instruct "the jury to focus on both the accuracy and veracity of identification testimony". *(People v Hambrick,* 122 AD2d 163, 164.) This is not the case here. After being robbed, the shopkeeper immediately pursued the robbers. During the chase the robbers ran in front of a police van. The shopkeeper shouted to the officers and they joined the chase. Complainant lost sight of defendant for only a few seconds. The question of defendant's guilt hinged largely upon the credibility of the police officers and the complainant rather than the nature of their observations of defendant. *(People v Eligios,* 158 AD2d 257.)

Defendant's claim that the police officers' testimony bolstered the complainant's identification is unpreserved for appellate review and we decline to reach the issue. *(People v West,* 56 NY2d 662.) If we were to consider the issue on its merits in the interest of justice, the testimony by one of the police officers would have constituted bolstering. However, it would be harmless error. Defendant was not prejudiced by the police officer's testimony because there was a strong identification of defendant and the complainant was available at trial to be cross-examined. *(See, People v Johnson,* 57 NY2d 969; *People v Burgess,* 66 AD2d 667.)

The sentence imposed was not unduly harsh or severe. Defendant was convicted of a serious crime, a class B violent felony, based on overwhelming evidence of his guilt. While defendant was not given the minimum sentence, the sentence imposed, which was well below the maximum, did not constitute an abuse of discretion. *(People v Farrar,* 52 NY2d 302, 305.) Concur—Kupferman, J. P., Sullivan, Rosenberger, Ellerin and Smith, JJ.