■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAIRO VARGAS, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Kings County (Rienzi, J.), both rendered January 7, 1987, convicting him of criminal sale of a controlled substance in the second degree and criminal possession of a controlled substance in the third degree (two counts) under indictment No. 2786/85, and criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in the first degree, and criminal possession of a controlled substance in the third degree under indictment No. 2845/85, upon jury verdicts, and imposing sentences.

Ordered that the judgments are affirmed.

Contrary to the defendant's contentions, the admission of testimony indicating that he was of Colombian origin did not deprive him of his right to a fair trial. The record establishes that the prosecutor sought to adduce testimony regarding the defendant's pedigree information as given to the police after his arrest (see, People v Rodriguez, 39 NY2d 976), in order to negate the defendant's defense that his arrest was based on misidentification. The defendant had informed the undercover officers during the so-called "buy and bust" operation that his drug connection was in Colombia. Thus, the testimony as to the defendant's Colombian origins was relevant to his identification and was not admitted to arouse the prejudices of the jurors (see, People v Longo, 151 AD2d 786; People v Thomas, 129 AD2d 596).

Further, we find no merit to the defendant's contention that the court committed reversible error by permitting the supervising police sergeant of the "buy and bust" operation to refer

in his testimony to a report which he had signed, but which apparently had been prepared by other officers. Since the undercover officers who were the key eyewitnesses testified at trial in great detail as to the events recorded in that report, the sergeant's testimony was either cumulative, or if not, pertained to minor aspects of the People's case. Thus, there was no significant probability that had the sergeant's testimony been excluded, the defendant would have been acquitted, and accordingly, any alleged error was harmless (see, People v Crimmins, 36 NY2d 230).

Finally, we have reviewed the remaining contentions in the defendant's supplemental pro se brief and find them to be unpreserved for appellate review (CPL 470.05 [2]) and, in any event, lacking in merit. Kooper, J. P., Harwood, Balletta and Miller, JJ., concur.