THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE SEALS, Appellant.—Judgment unanimously affirmed. Memorandum: Under the circumstances of this case, the court's refusal to charge that the People had the burden of proving the identification of defendant beyond a reasonable doubt does not require reversal. Although it might have been preferable for the court to have granted defendant's request, the court's charge clearly conveyed to the jury the correct principles of law. Unlike the circumstances in *People v Perez* (140 AD2d 461, 462) and *People v Hambrick* (122 AD2d 163, 164, *lv denied* 69 NY2d 712), the identification testimony in this case was strong and convincing and defendant neither interposed an alibi defense nor explained his presence in the vicinity. The victim had known defendant for some time *before the burglary, both by name and by sight.* Defendant, who lived in the neighborhood, was a frequent visitor at the home of the victim's tenant, who resided in the apartment below the victim's. At the time of the crime, the victim had ample opportunity to observe defendant's face while he was in her back yard before he entered her apartment and again as he entered the apartment. When the police arrived shortly after the burglary, the victim immediately told them that defendant was one of the burglars, and she gave them his name and address. Moreover, the description of defendant that she gave to the police was accurate.

We have reviewed defendant's remaining contentions and find them to be either unpreserved or without merit. (Appeal from Judgment of Erie County Court, Rogowski, J.—Burglary, 1st Degree.) Present—Callahan, A. P. J., Boomer, Pine, Balio and Lawton, JJ.