■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEPHEN BAKER, Appellant. [720 NYS2d 875] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]) and other crimes. Contrary to defendant's contention, reversal is not required as the result of any evidentiary error. References to the shared nationality of defendant and the victim were isolated and not part of a pattern of inflammatory references to race or appeals to racial prejudice (*see, People v Dominguez*, 275 AD2d 468; *People v Vargas*, 161 AD2d 822; *see also, People v Glenn*, 185 AD2d 84, 90-91, *cert denied* 520 US 1108). Moreover, although a police officer testified that the car apparently abandoned by the shooter was found in front of a "drug" house, there was no proof linking defendant to that drug house, and thus the fact that the car was found there was no more than happenstance. The challenged evidence therefore did not establish an uncharged crime and did not prejudice defendant.

County Court's substitution of the word "defendant" for the word "perpetrator" in the charge on identification does not require reversal (*see, People v West*, 159 AD2d 378, *lv denied* 76 NY2d 744; *People v Bennett*, 144 AD2d 564, 565, *lv denied* 73 NY2d 889; *People v Willis*, 140 AD2d 394, 394-395, *lv denied* 72 NY2d 963). The court immediately corrected the error, which even defendant's trial and appellate counsel characterize as "inadvertent" and "unintended," and the identification charge was otherwise unobjectionable. (Appeal from Judgment of Monroe County Court, Bristol, J.—Attempted Murder, 2nd Degree.) Present—Pigott, Jr., P. J., Pine, Hurlbutt, Kehoe and Lawton, JJ.