■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO CASTILLO, Appellant. [823 NYS2d 142]—

Judgment, Supreme Court, Bronx County (Peter J. Benitez, J.), rendered August 11, 2004, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him to a term of six years, unanimously affirmed.

Defendant's legal sufficiency arguments are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that the verdict was based on legally sufficient evidence. Furthermore, the verdict was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning identification and credibility (*see People v Bleakley*, 69 NY2d 490 [1987]).

The court properly declined to impose any sanction for the prosecution's failure to provide any handwritten police notes, beyond the memo books which defendant received, since the record does not support the conclusion that any such notes ever existed (*see e.g. People v Cortijo*, 254 AD2d 125, 126 [1998], *lv denied* 92 NY2d 1030 [1998]). The court also properly declined to impose any sanction regarding the People's delayed disclosure of an ambulance call report, since defendant received this document at a time when he had an opportunity to make effective use of it. Defendant made no request to recall the victim for further cross-examination, and we conclude that the delay did not affect his trial strategy or cause him any prejudice (*see People v Harrell*, 284 AD2d 248 [2001], *lv denied* 97 NY2d 657 [2001]). With regard to an aided card whose existence was disputed, the court delivered an adverse inference charge to which defendant did not object (*see People v Whalen*, 59 NY2d 273, 280 [1983]), and we decline to review his unpreserved challenge to the contents of that instruction in the interest of justice. Were we to review this claim, we would find that the charge conveyed the proper standards, including the permissive nature of an adverse inference charge (*see People v Brister*, 239 AD2d 513 [1997], *lv denied* 90 NY2d 938 [1997]).

In this case where identity was the central issue, the court properly exercised its discretion in receiving pedigree evidence that defendant was a native of Mexico. This evidence was relevant because Mexican origin was an element of the descriptions given by the victim, who was from Central America, and by an anonymous 911 caller who described the crime in progress. The question of the ability of the victim and the caller to discern the

perpetrators' specific national origin went to the weight to be given to this evidence by the jury, rather than its admissibility. Contrary to defendant's present assertion, the record reveals that the court addressed this theory of admissibility (*compare People v Nieves*, 67 NY2d 125, 136 [1986]). In addition, the victim testified that the perpetrators had asked him if he was a member of a Mexican gang. Accordingly, the court properly admitted testimony as to defendant's national origin, since this evidence was relevant, was not prejudicial, and was not used to raise any juror animosity against defendant (*see People v Vargas*, 161 AD2d 822 [1990]). Defendant's Equal Protection Clause and other constitutional arguments on this issue are unpreserved, as are his related arguments regarding the prosecutor's summation, and we decline to review them in the interest of justice. Were we to review these claims, we would find them to be without merit.

The court properly exercised its discretion in precluding evidence offered by defendant that was, at best, collateral and lacking in any probative value. To the extent that defendant is raising a constitutional claim, such claim is unpreserved and we decline to review it in the interest of justice Were we to review this claim, we would find no impairment of defendant's right to present a defense.

We perceive no basis for reducing the sentence. Concur— Tom, J.P., Mazzarelli, Andrias, Sweeny and Malone, JJ.