People v Benjamin (2019 NY Slip Op 04764)





People v Benjamin


2019 NY Slip Op 04764


Decided on June 13, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 13, 2019

Friedman, J.P., Richter, Tom, Gesmer, Moulton, JJ.


9608 3337/14

[*1]The People of the State of New York, Respondent,
v
Francis Benjamin, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Brittany N. Francis of counsel), and White & Case LLP, New York (Michaela E. Pickus of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Shera Knight of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Judith Lieb, J.), rendered August 8, 2016, as amended September 6, 2016, convicting defendant of promoting prison contraband in the first degree, and sentencing him to a term of 2&frac13; to 7 years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations.
The court providently exercised its discretion when it denied defendant's motion to dismiss the indictment, which was the only remedy requested for the belated, midtrial disclosure of Department of Correction use of force reports. The prosecutor had made diligent efforts to obtain this Rosario material sooner, but it had been misfiled by a correction officer. The court provided a suitable remedy when it gave counsel a two-day adjournment to review the material before cross-examining certain witnesses, along with the opportunity to recall other witnesses for further cross-examination based on the belatedly disclosed material. Accordingly, defense counsel received this material when it was still useful because he was able to cross-examine the applicable witnesses effectively (see People v Castillo, 34 AD3d 221, 222 [1st Dept 2006], lv denied 8 NY3d 879 [2007, and defendant has not shown any substantial prejudice from the delay in disclosure (see People v Banch, 80 NY2d 610, 617 [1992]).
The court also providently exercised its discretion when it declined to strike the testimony of a correction officer (again the only remedy requested) based on his belated disclosure of a calendar book entry. The sparse entry contained information already known to defendant, namely, the times and locations of the officer's duties on the day of the incident. Defendant was able to cross-examine the officer about the entry, and there was likewise no prejudice.
To the extent defendant is claiming that the alleged nondisclosure of a videotape also constituted a Rosario violation, we find that the record fails to support defendant's assertion that such a videotape ever existed.
By failing to object, by failing to make specific objections, or by failing to request further relief after the court sustained objections, defendant failed to preserve his remaining challenges to the prosecutor's summation, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114, 118-120 [1st Dept 1992], lv denied 81 NY2d 884 [1993]). The challenged remarks were generally permissible [*2]responses to defense counsel's attacks on the officers' credibility. Any isolated improper remarks were sufficiently addressed by the court's instructions to the jury. We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 13, 2019
CLERK