OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed and a new trial ordered.
 

 It was error for the Trial Judge to refuse to advise the jury that defendant’s alibi witnesses had no duty to volunteer exculpatory information to law enforcement authorities (see
 
 People v Dawson,
 
 50 NY2d 311, 322). Moreover, as Mr. Justice Fein, in his dissenting opinion at the Appellate Division, correctly indicated, it was proper for defendant’s counsel to have advised the witness to that effect. Thus, when counsel, following recognized practice in making his offer of proof, asked for the opportunity to establish that fact in order to rebut the insinuation that the witness’ failure to report to the authorities indicated that her testimony was recently fabricated, the court’s refusal constituted a further infringement of defendant’s right to a fair trial. Indeed, upon the representation made in counsel’s offer, it would have been best had the
 
 *994
 
 court stricken the entire line of questioning
 
 (People v Dawson, supra,
 
 p 322).
 

 Under the circumstances in this case these errors were not harmless. Since the testimony of the prosecution and defense witnesses was diametrically opposite on the issue of the whereabouts of defendant at the time of the crime, it cannot be said that their credibility was not a decisive factor in the outcome of the case.
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
 

 Order reversed, etc.