■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMMETT BROWN, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Lerner, J.), rendered October 14, 1982, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Judgment reversed, on the law, and new trial ordered. No questions of fact have been presented or considered.

Criminal Term erred in permitting the prosecution to question one of the defendant's alibi witnesses as to her failure to inform the police of evidence which would have exonerated the defendant, without initially determining the good-faith basis for such questioning or holding a Bench conference to determine the reasons for the silence of the witness (*People v Dawson,* 50 NY2d 311; *People v Muniz,* 89 AD2d 611; *People v Reed,* 83 AD2d 645).

This error was compounded by the trial court's failure to advise the jury that defendant's alibi witnesses had no duty to

volunteer exculpatory information to law enforcement authorities, when a limiting instruction to that effect was specifically requested (*People v Dawson, supra,* p 322).

Further error was committed when the prosecutor, in summation, improperly alluded to the failure of one of the alibi witnesses to come forward before trial and asked the jury to infer that the witness' trial testimony was recently fabricated.

In this case the testimony of the defense and prosecution witnesses was completely contradictory on the issue of the defendant's whereabouts at the time of the crime. Therefore the jury's evaluation of the alibi testimony was critical. Under the circumstances in this case these errors cannot be characterized as harmless (*People v Burgos,* 50 NY2d 992).

We have considered defendant's remaining contention and find it to be without merit. Bracken, J. P., O'Connor, Niehoff and Boyers, JJ., concur.