■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARGEMIRO FIGUEROA, Appellant.—Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Linakis, J.), rendered June 26, 1989, convicting him of criminal sale of a controlled substance in the third degree under Indictment No. 10339/89, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court, also rendered June 26, 1989, revoking a sentence of probation previously imposed by the same court (Friedmann, J.), under Indictment No. 3257/87, upon a finding that he had violated a condition thereof, and imposing a sentence of imprisonment upon his previous conviction of attempted criminal sale of a controlled substance in the third degree.

Ordered that the judgment under Indictment No. 10339/89 is reversed, as a matter of discretion in the interest of justice, and a new trial is ordered; and it is further,

Ordered that the amended judgment under Indictment No. 3257/87 is reversed, on the law, and the matter is remitted to the Supreme Court, Queens County, for further proceedings.

The defendant allegedly sold a packet of cocaine to an undercover police officer on January 16, 1989 at around 6:25 P.M. Although the undercover officer radioed a description of the seller to his backup team, the police were unable to locate the seller at that time. Three days later, while observing the area at night from a rooftop, the undercover officer observed the defendant walking down the street. He radioed the backup team, and the defendant was arrested in a nearby restaurant. The undercover officer subsequently identified the defendant as the person who sold him the cocaine on January 16. No drugs or prerecorded buy money were found on the defendant's person. At the trial, the defendant's wife testified that he was with her in their apartment the entire evening of January 16, 1989.

On appeal, the defendant contends that the cross-examination of his alibi witness and comments on summation deprived him of a fair trial. We agree. Although not all of the issues are preserved for appellate review, we have considered them in the interest of justice, as the proof of the defendant's guilt was not overwhelming.

During his cross-examination of the defendant's wife, the prosecutor deliberately elicited that the defendant was in-

volved in a drug treatment program at the time of his arrest. The court erred in permitting such cross-examination as this testimony could have no other purpose than to show a propensity to commit the crime charged. The information was not relevant to the elements of the crime charged or to the defendant's alibi defense (see, People v Crandall, 67 NY2d 111).

The People contend that the witness initially volunteered that the defendant was involved in this program. The record reveals that the witness responded "Queens TASC" when the prosecutor asked her who, besides the police, had telephoned her about the defendant's arrest. However, the court overruled an objection by the defense counsel, and the prosecutor then proceeded to press the witness about the nature of that program. Not satisfied with her response that the program was for "people who need to be rehabilitated", the prosecutor wanted to know the purpose of the rehabilitation. When the witness was apparently reluctant to respond, the prosecutor suggested that she was being "guarded all of a sudden * * * because you are not prepared on this answer". Finally the prosecutor asked "It's a drug program, right?" and the witness agreed. Moreover, we find that the unfairness of this cross-examination was compounded by the nature of the questioning, which suggested that the witness was attempting to conceal this information from the jury. In fact, in his summation, the prosecutor pointed out the witness's reluctance to discuss the Queens TASC program and suggested that it hurt the credibility of the defendant's alibi.

In addition, the prosecutor improperly questioned the witness about her failure to inform law enforcement authorities of the alibi prior to the trial. While it is not inherently improper to question a defense witness about the failure to come forward at an earlier date, a proper foundation must be laid for such questioning, and the court should ascertain whether the witness refrained from speaking under the advice of defense counsel (see, People v Dawson, 50 NY2d 311, 321). Here, the witness testified that she had spoken to defense counsel in March 1989. The court failed to conduct an inquiry, and the prosecutor did not lay a proper foundation which would have permitted impeachment for her failure to come forward earlier (see, People v Brown, 104 AD2d 383). Even if the foundation required by Dawson had been laid, it was nevertheless improper for the prosecutor to state to the witness during cross-examination: "Of course you didn't tell anyone [about the alibi], because it's a lie".

Finally, the prosecutor's summation went well beyond the bounds of fair advocacy by frequently characterizing the alibi witness as untruthful, by suggesting that the defendant was selling drugs on January 19, 1989, the night of his arrest, and by suggesting that the alibi was concocted after the witness met with defense counsel (see, People v Hernandez, 159 AD2d 722; People v Langford, 153 AD2d 908). We find that the cumulative prejudicial effect of the prosecutor's improper conduct warrants a new trial.

With respect to Indictment No. 3257/87, the defendant was found to have violated the conditions of a previously imposed sentence of probation on his conviction for attempted criminal sale of a controlled substance in the third degree and was resentenced to an indeterminate term of imprisonment. However, since the record is inadequate to determine if the defendant was found to have violated probation based solely on his conviction under Indictment No. 10339/89 which we have set aside, or based on allegations that he violated other conditions of his probation, we reverse and remit the matter to the Supreme Court, Queens County for further proceedings. Lawrence, J. P., Balletta, Rosenblatt and O'Brien, JJ., concur.