■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD KELLAM, Appellant. [635 NYS2d 570] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of criminal possession of a weapon in the third degree and attempted petit larceny. Viewing the evidence in the light most favorable to the People, we conclude that it is sufficient to support defendant's conviction of criminal possession of a weapon in the third degree *(see, People v Limpert,* 186 AD2d 1005, *lv denied* 81 NY2d 764).

The sentence is not excessive in light of the circumstances of the crime and defendant's extensive criminal history. We have reviewed the remaining issue advanced by defendant and conclude that it is without merit. (Appeal from Judgment of Onondaga County Court, Burke, J.—Criminal Possession Weapon, 3rd Degree.) Present—Green, J. P., Pine, Wesley, Callahan and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY ALBERT, Appellant. [634 NYS2d 336] —Judgment unanimously affirmed. Memorandum: We reject defendant's contention that Supreme Court erred in refusing to give a *Dawson* instruction *(see, People v Dawson,* 50 NY2d 311). Such an instruction is not necessary where, as here, the People did not argue that the alibi testimony of defendant's mother should be rejected because she had delayed in coming forward with an alibi for defendant *(cf., People v Burgos,* 50 NY2d 992). The court properly admitted defendant's entire statement to the police *(see, People v Ventimiglia,* 52 NY2d 350; *People v Vails,* 43 NY2d 364). We reject the arguments of defendant that the court erred in admitting into evidence the handgun found in his possession and in allowing testimony concerning the handgun *(see, People v Mirenda,* 23 NY2d 439; *see also, People v Pena,* 50 NY2d 400, *rearg denied* 51 NY2d 770, *cert denied* 449 US 1087; *People v Sandy,* 187 AD2d 466). Defendant did not specifically challenge the admission of the bullets and clip recovered from him; those arguments are unpreserved for our review *(see,* CPL 470.05 [2]), and we decline to exercise our power to address them as a matter of discretion in the interest of justice.

We have examined defendant's remaining arguments and conclude that they lack merit. (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Robbery, 1st Degree.) Present—Green, J. P., Pine, Wesley, Callahan and Davis, JJ.